Constantin V. Roboostoff [69328]
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 610
San Francisco, California 94104
Telephone: (415) 732-0282
Facsimile: (415) 732-0287

Attorneys for Plaintiff
Maria Abrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Maria Abrahim, )
) Case No. C 07 4014
Plaintiff, )
) COMPLAINT FOR DAMAGES
v. ) (DEMAND FOR JURY TRIAL)
)
ESIS, Inc., Ace American ) 1. Termination Of Employment In
Insurance Company, ) Violation Of Public Policy
) 2. Unpaid Wages Due
Defendants. )

**NATURE OF ACTION**

1. This action is for termination of employment in violation of public policy and for failure to pay wages due in violation of California law.

**JURISDICTION & VENUE**

2. This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. §1332 because the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different States.

Complaint For Damages

1

3.  Venue lies in the Northern District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to plaintiff's claims occurred within this district.

## THE PARTIES

4.  Plaintiff Maria Abrahim ("plaintiff") is informed and believes that at all times herein mentioned, ESIS, Inc., a Pennsylvania Corporation, was a subsidiary of Ace American Insurance Company, a Pennsylvania Corporation.

5.  Plaintiff is informed and believes that at all times herein mentioned, Ace American Insurance Company, a member of ACE INA Holdings, Inc., conducted business in Fremont, California, through ESIS, Inc.

6.  At all times herein mentioned, plaintiff was employed by ESIS, Inc., in its facilities located in Fremont, California.

## FIRST CLAIM FOR RELIEF
### (Termination In Violation Of Public Policy)

7.  Plaintiff incorporates and realleges paragraphs 1 through 6, inclusive.

8.  On or about February 23, 2007, after over 16 years of faithful service, plaintiff's employment with ESIS, Inc., was terminated.

9.  Plaintiff filed a complaint with the Department of Fair Employment and Housing ("DFEH") and was given a Right-To-Sue Notice by DFEH pursuant to Government Code section 12965 subdivision (b) to bring a civil action under the provisions of the Fair Employment and Housing Act. (Attached hereto and marked Exhibit A is a copy of the "Notice of Case Closure," dated July 6, 2007.)

10. At all times herein mentioned, defendants had in place certain rules and regulations (hereinafter referred to as "ACE policies") which violated California Government Code §12940 (a) and California Civil Code § 51, as they unreasonably discriminated against an employee on the basis of marital status in that such an employee would be required to resign,

Complaint For Damages

2

even if his or her performance record was satisfactory, and would not be eligible to receive benefits under defendants' severance plan, while other employees not so situated with unsatisfactory performance records would not be required to resign and would be eligible to receive benefits under defendants' severance plan.

11. Plaintiff is informed and believes that defendants enforced the ACE policies in an arbitrary, discriminatory and capricious manner, as some select employees with marital status issues were allowed to remain in their positions, while others, with similar marital status issues, were either ordered to resign, demoted, or terminated.

12. Throughout her employment by defendants plaintiff performed her duties in a satisfactory manner for which she received praise and monetary rewards.

13. Plaintiff alleges there was a casual connection between her marital status and the termination of her employment, as she was terminated after she had announced her engagement to a co-employee and refused defendants' demand to resign or accept an unreasonable demotion.

14. Prior to her termination, plaintiff had earned and was entitled to payment of a bonus in the approximate amount of $9,000.00 ("earned bonus").

15. At the time of her termination, and prior thereto, plaintiff had demanded payment of her earned bonus.

16. At all times herein mentioned, defendants refused and continue to refuse to pay plaintiff her earned bonus.

17. California law defines "wages" as payment of labor or services and includes every form of remuneration payable for a given period to an individual for personal services, including "bonuses."

18. Plaintiff alleges there was a casual connection between her termination and defendants refusal to pay her earned bonus because defendants' refusal coincided with plaintiff's announcement of her engagement to a co-employee and her refusal to resign or accept an

Complaint For Damages

unreasonable demotion. As such, plaintiff's termination violated the fundamental public policy entitling employees to prompt payment of wages due reflected in California Labor Code sections 201 and 2926.

19. As a direct, foreseeable and proximate result of defendants' discriminatory acts, plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, and has suffered and continues to suffer humiliation, embarrassment, mental and emotional distress, and discomfort, all to plaintiff's damage in an amount to be proven at trial.

20. Defendants committed the despicable acts as herein alleged maliciously and with a willful and conscious disregard of plaintiff's rights. Because the despicable acts taken toward plaintiff were carried out by managerial employees, she is entitled to recover punitive damages from defendants in an amount according to proof.

WHEREFORE, plaintiff demands judgment against defendants as hereinafter set forth.

### SECOND CLAIM FOR RELIEF
### (Unpaid Wages Due)

21. Plaintiff incorporates and realleges paragraphs 1 through 20, inclusive.

22. Pursuant to California Labor Code sections 201 and 2926, defendants were obligated to pay plaintiff all bonuses earned and remaining unpaid. In violation of sections 201 and 2926, defendants failed to pay plaintiff any of the amount of earned bonus due and owing. Although plaintiff has demanded payment, defendants have refused, and continue to refuse, to pay plaintiff said earned bonus.

23. Since the date of plaintiff's termination from employment with ESIS, Inc., plaintiff has been available and ready to receive the earned bonus specified above. Plaintiff has not refused to receive any payment.

//
//

Complaint For Damages

24.   Defendants' failure to pay plaintiff the earned bonus due and owing as specified above was, and is, willful in that plaintiff demanded payment but defendants have refused to pay any portion of the unpaid earned bonus amount due and owing plaintiff.

25.   Defendants' willful failure to pay plaintiff the earned bonus due and owing constitutes a violation of California Labor Code section 203 which provides that an employee's wages will continue as a penalty until paid up to 30 days from the time the wages were due. Therefore, plaintiff is entitled to a penalty under California Labor Code section 203, the precise amount of which will be proven at trial.

26.   Pursuant to California Labor Code sections 218.5 and 218.6, respectively, plaintiff requests the court to award reasonable attorney's fees and costs incurred by plaintiff in this action, as well as interest thereon.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

(1)   For compensatory damages including lost income, compensation, and employment benefits, both past and future, and other special damages according to proof as allowed by law;

(2)   For general damages, including damages for mental and emotional distress, according to proof as allowed by law;

(3)   For penalties as allowed by law;

(4)   For an award of punitive damages as allowed by law;

(5)   For an award to plaintiff of interest, including prejudgment interest, at the legal rate;

(6)   For an award to plaintiff of reasonable attorney's fees and costs;

(7)   For an award to plaintiff of costs; and

(8)   For an award to plaintiff of such other and further relief, including appropriate equitable relief, as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: August 6, 2007

ROBOOSTOFF & KALKIN

By: /s/ Constantin V. Roboostoff
Constantin V. Roboostoff
Attorneys for plaintiff

Complaint For Damages

6



STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                   ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1515 Clay Street, Suite 701, Oakland, CA 94612
(510) 622-2941  TTY (800) 700-2320  Fax (510) 622-2951
www.dfeh.ca.gov



July 6, 2007

CONSTANTIN V. ROBOOSTAFF
Attorney
ROBOOSTOFF & KALKIN A PROFESSIONAL LAW CO.
369 Pine St. Ste.#610
San Francisco, CA 94104

RE: E200708M0009-00-c
ABRAHIM/ACE-ESIS

Dear CONSTANTIN V. ROBOOSTAFF:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective July 3, 2007 because an immediate right-to-sue notice was requested. DFEH will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Allan H. Pederson*
Allan H. Pederson
District Administrator

cc:  Case File

MICHAEL R. RICHARDSON
Senior Vice President of Claims
ACE-ESIS
39300 Civic Center Dr. #300
Fremont, CA 94538

DFEH-200-43 (06/06)