1  MARLENE S. MURACO, Bar No. 154240
   mmuraco@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   14th Floor
4  San Jose, CA  95113.2303
   Telephone:    408.998.4150
5

6  Attorneys for Defendants
   ESIS, INC., ACE AMERICAN INSURANCE
   COMPANY
7

8

9  CONSTANTIN V. ROBOOSTOFF, Bar No. 69328
   cvrl@earthlink.net
   ROBOOSTOFF & KALKIN
10 369 Pine Street, Suite 610
   San Francisco, CA  94104
11 Telephone: 415.732.0282

12 Attorneys For Plaintiff
   MARIA ABRAHIM
13

                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                      SAN FRANCISCO DIVISION
16

17 MARIA ABRAHIM,                        Case No.  C07-4014 JCS

18            Plaintiff,                  **JOINT CASE MANAGEMENT
                                          CONFERENCE STATEMENT**
19     v.
                                          Date:   November 9, 2007
20 ESIS, INC., ACE AMERICAN               Time:  1:30 p.m.
   INSURANCE COMPANY,,                    Place: Courtroom A, 15th Floor
21                                        Judge:  Hon. Joseph C. Spero
            Defendants.
22

23

24

25        The parties jointly submit this Case Management Statement pursuant to Civil Local

26 Rule 16-10 and this Court's standing orders.

27 **JURISDICTION, VENUE AND SERVICE:**

28        This action was brought by Maria Abrahim ("plaintiff") against all defendants for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)                    JOINT CMC STATEMENT

1    termination of employment in violation of public policy and unpaid wages due.  This Court's

2    jurisdiction is based on 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value

3    of $75,000.00 and is between citizens of different States.  No issues are disputed with respect to

4    jurisdiction or venue.  All parties have been served and have appeared.

5    **PROCEDURAL HISTORY:**

6         The Complaint was filed August 6, 2007.  Defendants  ESIS, Inc. and Ace American

7    Insurance Company were served on August 23, 2007, and their Answers were timely filed on

8    September 26, 2007.

9    **STATEMENT OF FACTS:**

10        **Plaintiff's Statement of the Case:**

11        Plaintiff's complaint seeks a judgment that defendants terminated her employment in

12   violation of public policy and refused to pay her wages due in violation of California Labor Code.

13        On or about February 23, 2007, after over 16 years of faithful service, plaintiff's

14   employment was terminated.   Throughout her employment plaintiff performed her duties in a

15   satisfactory manner for which she received praise and monetary rewards.

16        The reason given for the termination was that plaintiff refused to accept a demotion to

17   a different position which became necessary because a "conflict" had been created when she became

18   engaged to a co-employee to whom she reported.

19        Plaintiff contends that defendants violated California Government Code §12940 (a)

20   and California Civil Code § 51 in that they unreasonably discriminated against her on the basis of

21   marital status and that they enforced their policies in an arbitrary, discriminatory and capricious

22   manner, as some select employees with marital status issues were allowed to remain in their

23   positions, while others, with similar marital status issues, were either ordered to resign, demoted, or

24   terminated.

25        Plaintiff further contends that defendants violated California Labor Code sections 201

26   and 2926 when they refused to pay her a bonus which she had earned.

27        **Defendants' Statement of the Case:**

28        Plaintiff was employed by Defendant ESIS as a Claims Manager in its Fremont

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)          2.      JOINT CMC STATEMENT

Workers Compensation Center.  She reported to Gene Petrone, Claim Vice President of the Fremont Workers Compensation Center.  In late 2006, Plaintiff and Mr. Petrone announced that they were engaged to be married.  This was the first indication anyone in management at ESIS had that the two were involved in any kind of personal relationship.  Given the direct reporting relationship between Plaintiff and Mr. Petrone, their personal relationship placed them in violation of Company policy, which generally prohibits individuals "who are related by blood or marriage or [who] have a personal relationship that may pose a conflict of interest" from working within the same "chain-of-command" because the more senior employee could influence the "work responsibilities, salary, career progress, performance assessment or general professional growth" of the less senior employee.

Pursuant to ESIS' policy, after Plaintiff and Mr. Petrone announced their engagement, the Company asked the couple to decide which one would be vacating their current position.  They indicated that Plaintiff would be the one to look for another job.  Plaintiff was placed in a temporary position and given special projects to complete while she looked for another position.  When she was unable to find one, Plaintiff was offered a lower level claims position that happened to be open.  She declined that position, which left Defendant no choice but to terminate her employment.

Defendant denies that Plaintiff is owed any bonus because the bonus program under which she is claiming payment is entirely discretionary.

**LEGAL ISSUES:**

The parties intend the following items as a preliminary statement of the issues, subject to change as the issues develop and become known to the parties:

1.      Whether plaintiff's claims are subject to binding arbitration in accordance with the terms of ACE's arbitration policy.

2.      Whether defendants terminated plaintiff's employment in violation of the public policy against marital status discrimination;

3.      Whether defendants violated California Labor Code by failing to pay plaintiff her bonus;

4.      Whether defendant acted with fraud, oppression or malice, so as to justify an

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)                    3.          JOINT CMC STATEMENT

1   award of punitive damages.

2   **MOTIONS:**

3           Defendants contend that this matter is subject to binding arbitration in accordance

4   with the terms of defendants' employment dispute arbitration rules and procedures and intend to

5   petition this Court to compel arbitration.  Petition to compel arbitration to be filed by November 16,

6   2007, with a hearing date to be scheduled for some time on or after January 8, 2008..  Plaintiff

7   disputes that this matter is subject to binding arbitration.

8   **AMENDMENT OF PLEADINGS:**

9           Not Applicable.

10  **EVIDENCE PRESERVATION:**

11          Defendant has taken appropriate steps to preserve all evidence relating to the decision

12  to terminate Plaintiff's employment.

13  **DISCLOSURES:**

14          Defendants believe that the parties should defer exchanging initial disclosures until

15  after Defendant's petition to compel arbitration is resolved.  Plaintiff disagrees.  Accordingly, the

16  parties have agreed to seek resolution of this issue from the Court at the Case Management

17  Conference.  If the Court indicates that the parties should proceed with initial disclosures pending

18  resolution of Defendant's petition to compel arbitration, they will make their disclosures on

19  November 16, 2007.  If the Court indicates that the initial disclosures can be deferred until after the

20  question of whether this matter should be sent to binding arbitration is resolved, the parties will not

21  exchange disclosures on that date.

22  **DISCOVERY:**

23          Defendants are of the opinion that discovery should be stayed pending decision on

24  their petition to compel binding arbitration.  If this matter is not sent to binding arbitration,

25  Defendants do not see any reason to modify the existing discovery limits.

26           Plaintiff estimates 6-10 depositions.  These witnesses include present and former

27  employees of defendants.  The information plaintiff deems essential to obtain from defendants are

28  records indicating how defendants accommodated other employees who were deemed to have

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)              4.        JOINT CMC STATEMENT

1  created a conflict by virtue of their change of status and/or conduct.

2  **RELATED CASES:**

3          There are no related cases.

4  **RELIEF:**

5          Plaintiff seeks compensatory damages, penalties, punitive damages, attorney fees,

6  costs and such other and further relief as the court may deem just and proper.

7          Defendants deny the allegations in the complaint and assert affirmative defenses.

8  Defendants also seek to recover their attorney fees, costs, and such other and further relief as the

9  court deems proper.

10  **SETTLEMENT AND ADR:**

11          The parties filed a Joint Notice of Need for ADR Phone Conference on October 19,

12  2007.

13  **CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

14          The parties have consented to have a magistrate judge conduct all further proceedings

15  including trial and entry of judgment.

16  **NARROWING OF ISSUES:**

17          See Motions section.

18  **PROPOSED DEADLINES AND COURT DATES:**

19          Petition to compel arbitration to be filed by November 16, 2007.  If the petition is not

20  granted, the parties propose that the following deadlines apply:

21          Discovery to be completed by June 30, 2008

22          Dispositive motions heard by August 29, 2008

23          Trial schedule to begin on or after October 31, 2008

24          The parties estimate the length of trial to be two weeks or 10 court days.  Plaintiff has

25  requested a jury trial.  Plaintiff expects to have expert witness testimony.  Plaintiff approximates 6-

26  10 witnesses.

27          Defendants are not able to anticipate the number of witnesses and/or experts until

28  their petition to compel binding arbitration is heard and ruled upon.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)                    5.        JOINT CMC STATEMENT

1    **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

2              None.

3    **OTHER MATTERS:**

4              None

5    Dated: November 2, 2007

6

7                                                    /S/
                                                     _____
8                                                    MARLENE S. MURACO
                                                     LITTLER MENDELSON
9                                                    A Professional Corporation
                                                     Attorneys for Defendants
10                                                   ESIS, INC., ACE AMERICAN INSURANCE
                                                     COMPANY

11

12   Dated: November 2, 2007

13

14                                                   /S/
                                                     _____
15                                                   CONSTANTIN V. ROBOOSTOFF
                                                     ROBOOSTOFF & KALKIN
16                                                   Attorneys for Plaintiff
                                                     MARIA ABRAHIM

17
     Firmwide:83505488.1 035894.1044
18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA  95113-2303
408.998.4150