1  MARLENE S. MURACO, Bar No. 154240
   mmuraco@littler.com
2  LITTLER MENDELSON
   A Professional Corporation
3  50 West San Fernando Street
   14th Floor
4  San Jose, CA  95113.2303
   Telephone:   408.998.4150
5
   Attorneys for Defendants
6  ESIS, INC., ACE AMERICAN INSURANCE
   COMPANY
7

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11 | MARIA ABRAHIM,              | Case No.  C07-4014 JCS
12 |            Plaintiff,        | DEFENDANTS ESIS, INC., AND ACE
                                    AMERICAN INSURANCE COMPANY'S
13 |       v.                     | NOTICE OF MOTION AND
                                    MEMORANDUM OF POINTS AND
14 | ESIS, INC., ACE AMERICAN    | AUTHORITIES IN SUPPORT OF
    INSURANCE COMPANY,             MOTION TO COMPEL ARBITRATION
15
               Defendants.
16                                  Date:  January 18, 2008
                                    Time:  9:30 a.m.
17                                  Judge: Judge Joseph C. Spero
                                    Dept:  Courtroom A, 15th Floor
18

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA  95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)

DEFENDANTS ESIS, INC., AND ACE AMERICAN
INSURANCE COMPANY'S NOTICE AND MPA ISO
MOTION N TO COMPEL ARBITRATION

## TABLE OF CONTENTS

PAGE

I. INTRODUCTION ..................................................................................................................1

II. STATEMENT OF FACTS ....................................................................................................2

    A. Background ...............................................................................................................2

    B. ACE Employment Resolution Dispute Policy ..........................................................2

III. ARGUMENT .........................................................................................................................5

    A. Federal Law Mandates This Employment Dispute Be Resolved Through Arbitration .................................................................................................................6

        1. The Parties Agreed To Arbitrate ...................................................................7

        2. The Arbitration Agreement Covers The Dispute ..........................................8

    B. The Arbitration Agreement Satisfies The Requirements Established By The California Supreme Court For Arbitration Of FEHA Claims. .................................8

    C. The Case Should be Stayed Pending the Conclusion of the Arbitration. ................10

IV. CONCLUSION ....................................................................................................................11

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

CAPTION (NO. C07-4014 JCS)     i.     DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES

PAGE

## CASES

*Alexander v. Anthony Int'l, LP*,
  341 F.3d 256 (3rd Cir. 2003) ..... 11

*Allied-Bruce Terminix Cos. v. Dobson*,
  513 U.S. 265 (1995) ..... 6

*Asmus v. Pacific Bell*
  (2000) 23 Cal.4th 1 ..... 7

*Circuit City Stores v. Adams*,
  532 U.S. 105, 121 S.Ct. 1302 (2001) ..... 6

*Cole v. Burns International Security Svcs.*,
  105 F.3d 1465 (D.C. Cir. 1997) ..... 9

*Craig v. Brown & Root*,
  84 Cal.App.4th 416 (2000) ..... 7, 8

*Cronus Investments, Inc. v. Concierge Services*,
  35 Cal.4th 376 (2005) ..... 6

*First Options of Chicago, Inc. v. Kaplan*
  (1995) 514 U.S. 938 ..... 5, 7

*Giacinto v. Ameriko-Omserv Corp.*
  (1997) 59 Cal.App.4th 629 ..... 7

*Green Tree Financial Corp. v. Randolph*,
  531 U.S. 79 (2000) ..... 6

*Hearon v. Astrazeneca LP*,
  2003 U.S. Dist. LEXIS 6628 ..... 5

*Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*,
  981 F.2d 752 (5th Cir. 1983) ..... 11

*Howsam v. Dean Witter Reynolds*,
  537 U.S. 79 (2002) ..... 7

*Lagatree v. Luce, Forward, Hamilton & Scripps*
  (1999) 74 Cal.App.4th 1105 ..... 7

*Lang v. Burlington Northern R. Co.*,
  835 F.Supp. 1104 (D.Minn. 1993) ..... 7, 8

*Lucas v. Gund, Inc.*,
  450 F.Supp.2d 1125 (C.D.Cal. 2006) ..... 10

*Mago v. Shearson Lehman Hutton Inc.*
  (9th Cir. 1992) 956 F.2d 932 ..... 7

*Mercuro v. Sup. Ct.*,
  96 Cal.App.4th 167 (2002) ..... 10

*Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ..... 6

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

CAPTION (NO. C07-4014 JCS)   ii.   DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE

*Nghiem v. NEC Electronic, Inc.*,
   (9th Cir. 1994) 25 F.3d 1437 ..................................................................................7

*Perry v. Thomas*,
   482 U.S. 483 (1987) .................................................................................................6

*Southland Corp. v. Keating*,
   465 U.S. 1 (1984) .....................................................................................................6

*Teshome v. O'Melveny & Myers, LLP*,
   2006 U.S. Dist. LEXIS 73815 (D.Cal. 2006) .......................................................7, 8

## STATUTES

9 U.S.C. § 2 .......................................................................................................................6

9 U.S.C. § 3 ................................................................................................................5, 11

Federal Arbitration Act, 9 U.S.C. § 1, *et seq*. ..................................................................6

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

CAPTION (NO. C07-4014 JCS)   iii.   DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

## NOTICE OF MOTION

Plaintiff Maria Abrahim and her Attorney of Record, are hereby notified that on January 18, 2008, at 9:30 a.m. in Courtroom A, located at 450 Golden Gate Avenue, San Francisco, California, Defendants ESIS, Inc. and Ace American Insurance Company will, and hereby do, move this Court for an Order Compelling Plaintiff Maria Abrahim ("Plaintiff") to arbitrate the claims asserted against Defendants in the instant action. Defendants also will, and hereby do, move this Court for an Order staying the action pending the conclusion of the arbitration. This motion is based upon this Notice of Motion and Motion; the Memorandum of Points and Authorities; and the Declaration of Denise Carson and accompanying exhibits filed herewith, any oral argument that may be heard, and all pleadings and papers on file in this action.

## RELIEF SOUGHT

Defendants respectfully request this Court issue an Order: (1) compelling Plaintiff to arbitrate the claims asserted against Defendants in the instant action pursuant to Defendants' Employment Dispute Resolution Policy; and (2) staying the action pending the conclusion of the arbitration.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff filed the instant action against Defendants ACE American Insurance Company and ESIS, Inc. ("Defendants") in August 2007. In her Complaint, Plaintiff alleges that she was wrongfully terminated because of her marital status, in violation of the California Fair Employment and Housing Act ("FEHA") and that, following her termination, she was wrongfully denied payment of a bonus she believes she earned. (Pl.'s Complaint, *passim*.) Plaintiff's allegations thus arise out of and are based upon her employment with Defendant ESIS. Plaintiff, however, was a party to a binding arbitration agreement that applies to the causes of action alleged in her civil complaint. Plaintiff has declined Defendants' request that she submit her claims to binding arbitration per the terms of that Agreement. Therefore, Defendants' motion to compel arbitration should be granted and this action stayed.

## II. STATEMENT OF FACTS

### A. Background

Plaintiff was employed by CIGNA Property & Casualty ("CIGNA"), a predecessor of Defendant ACE, from 1990-1999. (Declaration of Denise Carson ("Carson Decl."), ¶ 2.) In 1994, CIGNA implemented an Employment Dispute Resolution Program for all employees (including Plaintiff). (Carson Decl., ¶ 3.) Plaintiff signed a document acknowledging that she had received and would review the CIGNA Employment Dispute Mediation/Arbitration Policy. (Carson Decl., ¶ 3, and Exhibit A thereto.) The CIGNA policy established a multi-step process for resolving disputes that began with the Speak Easy Process (essentially an internal grievance process) and ended with binding arbitration. (Carson Decl., ¶ 4, and Exhibit B thereto.) With respect to the latter, the CIGNA policy provided, in pertinent part, that "*[m]utual promises by both the employee and the employer to arbitrate employment related legal claims is a term and condition of an employee's employment and arbitration must be used rather than going to court to enforce legal rights and claims....*" (Carson Decl., Exhibit B.)

CIGNA was acquired by Defendant ACE on July 2, 1999 and Plaintiff became an employee of ESIS (a wholly-owned ACE subsidiary) at that time. (Carson Decl., ¶¶ 1, 2, 6.) On or about July 8, 1999, ACE posted a chart entitled "ACE Transition – What to Expect/Employee Programs" on its intranet site for all employees. (Carson Decl., ¶ 5, and Exhibit C thereto.) That chart informed the former CIGNA employees that ACE was going to "continue to offer a dispute resolution program to employees" and that the program would include the Speakeasy and Arbitration/Mediation components of the current (CIGNA) program. (Carson Decl., Exhibit C, p. 1.) Managers at ACE were instructed to share the Transition Chart with their employees and to encourage them to "rely on the ACE Intranet for the latest news and information." (Carson Decl., ¶ 5, and Exhibit D thereto.)

### B. ACE Employment Resolution Dispute Policy

In February 2000, ACE implemented its own arbitration policy, which was included within the ACE Employee Guide, an employee handbook for all ACE employees. (Carson Decl., ¶ 6.) As Plaintiff was working for an ACE subsidiary (ESIS), she was subject to the terms set forth in

the ACE Employee Guide and received notice of the issuance of the Guide in the same manner as all other employees of ACE and its subsidiaries. (*Id.*)

Specifically, all ACE employees (including employees of ESIS) were sent an e-mail in February 2000 directing them to the ACE Employee Guide (which is maintained on-line) via the Guide's Introduction page. (Carson Decl., ¶¶ 7-8, and Exhibit E thereto.) The Employee Guide's on-line Introduction page contained (and still contains) the following three links: 1) a link to a list of ACE Companies subject to the ACE Employee Guide; 2) a link to the Receipt and Agreement Form acknowledging the employee's receipt of the Guide; and 3) a link to the ACE Arbitration Policy. (Carson Decl., ¶ 8.) The February 2000 e-mail further instructed employees to print, sign and return the Receipt and Agreement Form to their manager after they had the opportunity to review the ACE Employee Guide. (Carson Decl., ¶ 8.)

So that there was no mistake regarding the significance of signing and returning the Receipt and Agreement Form, the Employee Guide's on-line Introduction Page expressly informed employees that binding arbitration was a mandatory term of their employment. Specifically, the Introduction Page stated as follows in February 2000:

> Although this guide contains descriptions of numerous ACE policies, procedures, programs and benefits, there are only two terms of your employment. They are very important. The first is that your employment is not for any fixed period of time . . . . The second is that you agree that you will not go to court to decide any employment-related legal claim. Instead, you must resolve all employment-related disputes by going to a neutral third-party arbitrator (see the <u>Employment Dispute Arbitration Policy</u>.) Nothing in this guide changes, modifies or alters these two terms of your employment.
>
> *Regardless of what anyone may have told you or you may have read before you were hired or after, these two terms of your employment are the full and complete agreement between you and the Company concerning these terms and cannot be changed except by a written agreement between you and your employer signed by the President of the Company.*

(Carson Decl., ¶¶ 8-9, and Exhibit F thereto.) The underlined phrase above was a computer link to the Employment Dispute Arbitration Policy that provides the basis for this Motion to Compel Arbitration. (Carson Decl., ¶¶ 8-9, and Exhibits F and I thereto.)

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)     3.     DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

ACE's Employment Dispute Arbitration Policy provides, in pertinent part, that:

> ACE believes it is important to provide employees with an opportunity to resolve employment-related disagreements and problems fairly and quickly. Therefore, it is the policy of the ACE Companies ("ACE") that arbitration by a neutral third party is the required and final means for the resolution of any employment-related legal claim not resolved by the internal dispute resolution processes. Both ACE and the employee will be bound by any decision made by a neutral arbitrator....This policy prevents both ACE and the employee from going to court over employment-related disputes.
>
> * * *
>
> ...This policy is a term and condition of the employment relationship between employees and ACE.

(Carson Decl., Exhibit I, p. 1.) The policy expressly covers "all employment-related disagreements and problems that concern a right, privilege or interest recognized by applicable law," including any "federal, state or local statute, regulation, ordinance or common law doctrine regarding...employment discrimination,...wage and hour matters, conditions of employment or termination of employment."[1] (*Id.* at p. 1-2.)

The policy concludes by stating: "For more information on how this process works, see the ACE <u>Arbitration Rules and Procedures</u>. The Rules and Procedures are based on and generally follow the American Arbitration Association (AAA) National Rules for the Resolution of Employment Disputes."[2] (*Id.* at p. 2.) The Arbitration Rules and Procedures (which immediately follow the Employment Dispute Arbitration Policy in the on-line ACE Employee Guide), set forth detailed guidelines for the manner in which the arbitrator is to be selected and the arbitration is to be conducted. (Carson Decl., Exhibit I, p. 4-14.)

As noted above, the Introduction Page to which Plaintiff was directed in February 2000 instructed her to "Be sure to *complete the receipt and agreement form as per the instructions below.*" More specifically, it stated that, "**After you have familiarized yourself with the contents of this guide, you must print out, date and sign the <u>receipt</u> and agreement** (click the underlined words to connect to the form) **and return it to your supervisor. All employees must have a**

---

[1] This includes claims arising under the California Fair Employment and Housing Act. (Carson Decl., Exhibit I, p. 2, n. 3.)

[2] Once again, the underlined phrase provides a computer link to the referenced information.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)    4.    DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

signed acknowledgement and agreement form in their personnel file." (Carson Decl., ¶¶ 8, 10, and Exhibit F thereto.) Plaintiff complied with these instructions as she signed and returned the ACE EMPLOYEE GUIDE Receipt and Agreement to her manager on March 15, 2000. (Carson Decl., ¶ 10, and Exhibit J thereto.) By signing the Receipt and Agreement, Plaintiff agreed to "abide by the rules, policies, procedures and standards set forth in the [Employee] Guide." (*Id.*)

Defendants have at all times been willing to arbitrate the claims identified in Plaintiff's Complaint – all of which arise out of her employment and are therefore subject to ESIS' Employment Dispute Arbitration Policy. Plaintiff, however, has refused to comply with her binding agreement to arbitrate any such employment disputes, thereby necessitating the instant motion to compel.

### III.   ARGUMENT

The Federal Arbitration Act ("FAA") requires a district court, upon motion by any party, to stay judicial proceedings involving claims covered by written arbitration agreements. *See* 9 U.S.C. § 3. In fact, where a valid arbitration agreement exists and the issues in a case fall within its purview, a district court may dismiss the action in its entirety. *See, e.g., Hearon v. Astrazeneca LP*, 2003 U.S. Dist. LEXIS 6628, *23 (E.D.Pa. Mar. 24, 2003) (stating "where all claims in an action are arbitrable, the district court may dismiss the action").

Courts look to the relevant state law of contracts when determining whether the parties entered into a valid and enforceable agreement to arbitrate. *First Options of Chicago, Inc. v. Kaplan* (1995) 514 U.S. 938, 944. Here, California law governs the issue of whether the ACE Arbitration Policy constitutes a valid and enforceable contract, because the agreement to arbitrate was made in California and all of the actions alleged to be discriminatory occurred in the state of California. (Complaint, *passim*.)

Because the Arbitration Policy is a valid and enforceable agreement under California law and because the Federal Arbitration Act mandates arbitration pursuant to valid agreements, this Court should compel arbitration of Abrahim's claims and should stay the instant lawsuit.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

(CASE NUMBER: C07-4014 JCS)   5.   DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

A. **Federal Law Mandates This Employment Dispute Be Resolved Through Arbitration.**

Defendant is entitled to an order compelling arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"). The United States Supreme Court has unequivocally affirmed that the FAA applies to written arbitration agreements in the employment context. *Circuit City Stores v. Adams*, 532 U.S. 105, 121 S.Ct. 1302 (2001). Under the FAA, a provision in any agreement, including an employment agreement, to settle controversies between the parties by arbitration "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA was enacted to overcome courts' reluctance to enforce arbitration agreements. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 270 (1995); *Cronus Investments, Inc. v. Concierge Services*, 35 Cal.4th 376, 383-384 (2005). It not only placed such agreements on equal footing with other contracts but also established a federal policy in favor of arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. *See, e.g., Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 89-90 (2000) (noting that the Supreme Court has "rejected generalized attacks on arbitration that rest on 'suspicion of arbitration as a method of weakening the protections afforded in the substantive law to would-be-complainants'"); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984) (in enacting the FAA, "Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration"). Thus, the FAA "requires that questions of arbitrability . . . be addressed with a healthy regard for the federal policy favoring arbitration." *Cronus Investments, Inc.,* 35 Cal.4th at 386 (*citing Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983)). This "liberal federal policy favoring arbitration agreements" in effect creates "a body of federal substantive law of arbitrability, applicable to any arbitration agreement within coverage of the [FAA]." *Perry v. Thomas*, 482 U.S. 483, 489 (1987).

In deciding whether to compel arbitration under the FAA, the Court is tasked with determining just two "gateway" issues: (1) whether there was an agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute. *Howsam v. Dean Witter Reynolds*, 537

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)   6.   DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

U.S. 79, 83-84 (2002). Here, both criteria are satisfied.

### 1. The Parties Agreed To Arbitrate.

In assessing whether there was an agreement to arbitrate between the parties, the Court must look to the relevant state law of contracts – here California law. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under California law, "a party's acceptance of an agreement to arbitrate may be express (*e.g.*, *Mago v. Shearson Lehman Hutton Inc.* (9th Cir. 1992) 956 F.2d 932 [agreement to arbitrate included in job application]; *Nghiem v. NEC Electronic, Inc.* (9th Cir. 1994) 25 F.3d 1437 [agreement to arbitrate included in handbook executed by employee]; *Lagatree v. Luce, Forward, Hamilton & Scripps* (1999) 74 Cal.App.4th 1105 [employer may terminate employee who refuses to sign agreement to arbitrate]) or implied-in fact where, as here, the employee's continued employment constitutes her acceptance of an agreement proposed by her employer (*Asmus v. Pacific Bell* (2000) 23 Cal.4th 1, 11 [implied acceptance of changed rules regarding job security]; *Giacinto v. Ameriko-Omserv Corp.* (1997) 59 Cal.App.4th 629, 635 [implied acceptance of changed compensation rules])." *Craig v. Brown & Root*, 84 Cal.App.4th 416, 420 (2000). *See also Lang v. Burlington Northern R. Co.*, 835 F.Supp. 1104, 1106 (D.Minn. 1993), cited with approval by *Asmus, supra*, 23 Cal.4th at 11, (employee may accept arbitration policy by continuing employment with knowledge of the policy); *Teshome v. O'Melveny & Myers, LLP*, 2006 U.S. Dist. LEXIS 73815, p. 12-13 (D.Cal. 2006) (employee bound by an arbitration agreement unilaterally implemented by his employer because he received it "in a way that put him on notice that he would be bound by its terms").

In the instant case, Plaintiff signed an acknowledgement that she had received the CIGNA Mediation/Arbitration Policy in November 1994. (Carson Decl., Exhibit A.) That Policy expressly stated that "[m]utual promises by both the employee and the employer to arbitrate employment related legal claims is a term and condition of an employee's employment and arbitration must be used rather than going to court to enforce legal rights and claims...." (Carson Decl., Exhibit B, p. 6). *See also* Carson Decl., Exhibit B, p. 2 ("By accepting employment and being eligible to receive increases in compensation and benefits, you agree that you will resolve all employment related legal disputes...by going to a neutral third party arbitrator....") This policy

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)    7.    DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

remained in effect throughout Plaintiff's employment with CIGNA and after CIGNA was acquired by Defendant ACE. (Carson Decl., ¶ 5, and Exhibit C thereto.) In February 2000, Plaintiff was notified that ACE had issued its own arbitration policy, which was set forth in the ACE Employee Guide. (Carson Decl., ¶ 7.) Plaintiff printed and signed an acknowledgement that she had received the Guide and would abide by the "rules, policies, procedures and standards" set forth therein – something she could only have done if she accessed the Introductory page of the ACE Employee Guide, which page clearly explained that Plaintiff was agreeing to arbitrate any employment-related legal disputes she had with Defendants. (Carson Decl., ¶¶ 8-10, and Exhibits F, I and J thereto.)

In short, Plaintiff continued her employment (first with CIGNA and then with ESIS) with the full knowledge that she was required to arbitrate any employment-related disputes she may have with her employer. The parties thus had an agreement to arbitrate that is subject to enforcement by this Court. *Craig, supra,* 84 Cal.App.4th at 420; *Lang, supra,* 835 F.Supp. at 1106; *Teshome, supra,* 2006 U.S. Dist. LEXIS 73815, p. 12-13.

### 2. The Arbitration Agreement Covers The Dispute

As noted above, Plaintiffs' Complaint contains a claim for wrongful termination in violation of the Fair Employment and Housing Act and a claim for failure to pay a bonus that was allegedly due. As the ACE Employment Dispute Arbitration Policy expressly covers "all employment-related disagreements and problems," including claims for employment discrimination (under any statute including the California FEHA) and claims relating to "wage and hour matters," it is clear that the present matter falls within the scope of the parties' Arbitration Agreement. (Carson Decl., Exhibit I, p. 1-2.)

### B. The Arbitration Agreement Satisfies The Requirements Established By The California Supreme Court For Arbitration Of FEHA Claims.

In *Armendariz v. Found. Health Psychcare Services, Inc.,* 24 Cal.4th 83 (2000), the California Supreme Court held that FEHA claims are "arbitrable if the arbitration permits an employee to vindicate his or her statutory rights." *Armendariz, supra,* 24 Cal.4th at 90-91. The *Armendariz* court concluded that an employee's statutory FEHA rights are vindicated through arbitration where the arbitration agreement expressly or impliedly provides for five (5) requirements:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)   8.   DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

(1) a neutral arbitrator, (2) more than minimal discovery, (3) a written award, (4) all of the types of relief that would otherwise be available in court, and (5) no requirement that employees pay either unreasonable costs or any arbitrators' fees or expenses as a condition of access to the arbitration forum.

*Id.*, at 102-13, *citing Cole v. Burns International Security Svcs.*, 105 F. 3d 1465 (D.C. Cir. 1997).

As set forth below, ACE's Arbitration Policy meets these five (5) requirements and should be enforced by the Court as governing the present dispute. First, ACE's Arbitration Policy provides for selection of a neutral arbitrator. Specifically, the Arbitration Rules and Procedures provide "the [American Arbitration Association ("AAA")] will send to the employee and ACE an identical list of all arbitrators who are members of the regional Employment Dispute Resolution Roster of the AAA. . . . Both the employee and ACE will have no more than ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA. . . . The AAA shall appoint one arbitrator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and ACE." (Carson Decl., Exhibit I, "Employment Dispute Arbitration Rules And Procedures," ("Arbitration Rules") p. 4.)

Second, the Arbitration Policy provides for adequate discovery, as it provides that not less than twenty calendar days after receiving notice of the date set for the hearing the parties will exchange names and contact information for "all witnesses the party then expects to have testify at the hearing" as well as a "copy of all exhibits and/or documents that the party then expects to produce at the hearing." (Carson Decl., Exhibit I, Arbitration Rules, p. 5.) This is similar to the process for Initial Disclosures under federal law. In addition, the Rules give each party the right to take two days of seven-hour depositions and to serve ten interrogatories and ten requests for production of documents without approval of the arbitrator. (*Id.*) Significantly, the Rules expressly grant the arbitrator "the authority to order such (other) discovery, by way of deposition, interrogatory, document production or otherwise...as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration." (*Id.* at p. 6.) These provisions are sufficient to satisfy the requirement set forth in *Armendariz*. *Armendariz, supra*, 24 Cal.4th at 106 (recognizing that "[a] limitation on discovery is one important

component of the 'simplicity, informality, and expedition of arbitration'" and holding that employees are only "entitled to discovery sufficient to adequately arbitrate their statutory claim, including access to essential documents and witnesses, as determined by the arbitrator"); *Mercuro v. Sup. Ct.*, 96 Cal.App.4th 167, 184 (2002) ("adequate discovery does not mean unfettered discovery . . ."); *Lucas v. Gund, Inc.*, 450 F.Supp.2d 1125, 1133-1134 (C.D.Cal. 2006) (holding that the AAA rules provide adequate discovery even though they state that only "necessary" discovery shall be conducted and noting that "this is the same standard as applies in court: parties at trial cannot engage in unfettered discovery")

Third, the Arbitration Policy provides for a written decision by the arbitrator as follows: "The arbitrator's decision will be in writing and signed by the arbitrator. In addition, the arbitrator will issue a written opinion giving the reasons for the decision. The decision will be implemented in the manner required by law." (Carson Decl., Exhibit I, Arbitration Rules, p. 9.)

Fourth, the Arbitration Policy allows for all types of relief that would otherwise be available in court, as it specifically provides that "[t]he arbitrator will have full power and authority to award any remedy that either party would have been entitled to under equity or law" and requires the arbitrator to "apply the rules of law of the United States of America and the state and locality in which the employee worked to the extent applicable to the dispute." (Carson Decl., Exhibit I, Arbitration Rules, p. 9.)

Finally, ACE's Arbitration Policy does not require Plaintiff to pay any unreasonable costs or inappropriate fees. Specifically, the policy requires the employee to pay only one hundred dollars ($100) towards administrative costs and provides that ACE will pay the balance of any costs or fees charged by AAA or the arbitrator. (Carson Decl., Exhibit I, Arbitration Rules, p. 10.)

For these reasons, ACE's Arbitration Policy clearly satisfies the requisites of *Armendariz* and is enforceable under California and Federal law.

C. **The Case Should be Stayed Pending the Conclusion of the Arbitration.**

The Federal Arbitration Act provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408.998.4150

(CASE NUMBER: C07-4014 JCS)    10.    DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION

> upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. As the above language makes clear, under the FAA, a stay is mandatory if any of the issues in the proceedings are within the scope of the arbitration clause. *See also, Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir. 1983); *Alexander v. Anthony Int'l, LP*, 341 F.3d 256, 263 (3rd Cir. 2003).

## IV. CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court issue an Order compelling Plaintiff to arbitrate the claim she has asserted against Defendants. Defendants further request that the instant action be stayed pending the conclusion of the arbitration.

Dated: December 14, 2007

*[signature]*
MARLENE S. MURACO
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ESIS, INC., ACE AMERICAN INSURANCE COMPANY

Firmwide:83856355.1 035894.1044

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998.4150

(CASE NUMBER: C07-4014 JCS)    11.    DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S NOTICE AND MPA ISO MOTION N TO COMPEL ARBITRATION