MARLENE S. MURACO, Bar No. 154240
mmuraco@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150

Attorneys for Defendants
ESIS, INC., ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA ABRAHIM,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ESIS, INC., ACE AMERICAN INSURANCE COMPANY,<br><br>　　　　　Defendants. | Case No. C07-4014 JCS<br><br>**DECLARATION OF DENISE CARSON IN SUPPORT OF DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION**<br><br>Date:　January 18, 2008<br>Time:　9:30 a.m.<br>Judge:　Judge Joseph C. Spero<br>Dept:　Courtroom A, 15th Floor |

I, DENISE CARSON, declare:

1.　I currently serve as the Vice President of Human Resources for ACE USA ("ACE"), a position I have held since March 2007. From September 1999 through February 2007, I held the position of assistant Vice President of Human Resources. From July 2, 1999 to September 1999, I held the position of Director of Employee Relations for ACE. From April 1997 to July 1, 1999, I held the position of Director of Employee Relations for CIGNA Property & Casualty ("CIGNA").

2. Maria Abrahim was an employee of CIGNA from August 1990 until July 1999, at which time she transitioned to ACE following ACE's acquisition of CIGNA.

3. All CIGNA employees, including Ms. Abrahim, were subject to CIGNA's Employment Dispute Resolution Program, including its mandatory arbitration component, following its inception in 1994. Attached hereto as Exhibit A is a true and correct copy of a document signed by Ms. Abrahim in November 1994 acknowledging that she had received a copy of CIGNA's Employment Dispute Mediation/Arbitration Policy.

4. Attached hereto as Exhibit B is a true and correct copy of the Employment Dispute Mediation/Arbitration Policy that applied to all CIGNA employees. Specifically, the Exhibit consists of the policy along with the cover sheet and table of contents from the You and CIGNA handbook in which it was contained.

5. On or about July 8, 1999, ACE INA posted a chart entitled "ACE Transition – What to Expect/Employee Programs" on its intranet site for all employees, a true and correct copy of which is attached hereto as Exhibit C. This posting specified that the existing Speakeasy and Arbitration/Mediation components of CIGNA's Employment Dispute Resolution Policy remained in place during the transition to ACE. Attached hereto as Exhibit D is a true and correct copy of an e-mail to ACE management directing them to expressly inform their employees about the fact that the chart had been posted on the ACE Intranet.

6. In February 2000, ACE implemented its own arbitration policy, which was included within the ACE Employee Guide. I was responsible for ensuring that the ACE Employee Guide was distributed to all ACE employees. As Ms. Abrahim was working for ESIS, a wholly-owned subsidiary of ACE, she was subject to the terms set forth in the ACE Employee Guide, and received notice in the manner described below.

7. On February 21, 2000, I sent a memo to ACE management explaining that all ACE-INA employees would be receiving an announcement regarding the implementation of the new ACE Employee Guide and regarding the procedure for the employees to acknowledge receipt of the Employee Guide. A true and correct copy of that memo is attached hereto as Exhibit E. The

(CASE NO. C07-4014 JCS)    2.    DECLARATION OF DENISE CARSON ISO DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

1  announcement referenced in my February 21, 2000 e-mail to management was, in fact, sent via e-mail to all ACE-INA employees (including employees of ESIS) in February 2000.

8. The email directed employees to the on-line ACE Employee Guide via the Introduction page, which had the following three links: 1) a link to a list of ACE Companies subject to the ACE Employee Guide; 2) a link to the Receipt and Agreement Form; and 3) a link to the ACE Arbitration Policy. The email further instructed employees to fill in the Receipt and Agreement Form and print and return it to their manager after they had the opportunity to review the ACE Employee Guide. In order to generate a physical copy of the Receipt and Agreement Form, the employee must have connected to the Introduction page.

9. The Introduction page contains both a general description of the arbitration policy and a link to the Employment Dispute Arbitration Policy itself. A true and correct copy of the Introduction page, as it existed in 2000 when Ms. Abrahim was directed to read it, is attached hereto as Exhibit F. A copy of the Employment Dispute Resolution Policy is attached hereto as Exhibit G. Its component parts, the Internal Review Policy and the Arbitration Policy are attached as Exhibits H and I, respectively.

10. It is not standard procedure for a manager to print the Receipt and Agreement Form and give it to the employee to sign, rather the employee is required to print the Receipt and Agreement Form and submit a signed copy to their manager. A true and correct copy of the Receipt and Agreement signed by Maria Abrahim on March 15, 2000 is attached hereto as Exhibit J.

11. The ACE Employee Guide was available to all employees through the ACE EDesk, which every employee, including Maria Abrahim, had access to via their computer. Specifically, once an employee turns on her computer and enters her user ID and password, the Windows screen appears with several icons. In order to access the intranet site, the employee simply clicks on the Internet Explorer icon. The Internet Explorer icon automatically directs the employee's browser to ACE's EDesk, which prominently displays the Employee Guide icon. The employee simply clicks on the Employee Guide, which specifically references the Employment Dispute Arbitration Policy. Attached hereto as Exhibit K is a true and correct copy of a memo Ms. Abrahim wrote to her manager in March 2002 in which Ms. Abrahim states that she "did not find any basis in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113 2303
408 998 4150

(CASE NO. C07-4014 JCS)   3.   DECLARATION OF DENISE CARSON ISO DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION

1  the Employee Guide for discontinuing [her] benefits," thereby demonstrating that Ms. Abrahim was
2  familiar with the terms of the Employee Guide and how to access it.
3        I declare under penalty of perjury under the laws of the United States that the
4  foregoing is true and correct to the best of my knowledge and that this Declaration was executed on
5  December 13, 2007, at Philadelphia, Pennsylvania.

*[signature]*
DENISE CARSON

Firmwide:83838598.1 035894.1044

(CASE NO. C07-4014 JCS)　　4.　　DECLARATION OF DENISE CARSON ISO DEFENDANTS ESIS, INC., AND ACE AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL ARBITRATION

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
14th Floor
San Jose, CA 95113.2303
408.998.4158