# PART 2 OF 2

EXHIBITS F-K ATTACHED TO THE DECLARATION
OF DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

EXHIBIT F ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS



Click here for a printer friendly version of this page

## ACE EMPLOYEE GUIDE

Welcome to the ACE Employee Guide, your online source for descriptions about the programs and policies for ACE employees.

To start using this guide, read the sections below called **About This Guide** and **What's In This Guide**. You can then read through the guide by clicking on the items in the left-hand column, which are organized by topic. Finally, be sure to complete the receipt and agreement form as per the instructions below.

We hope you find the guide's information helpful. If you have any questions, please direct them to your manager or Human Resources Representative.

## About This Guide

This guide applies to all U.S.-based, regular full-time and regular part-time employees of the ACE companies. (Click here for a list of those companies.) It contains important information about the terms of your employment as well as policies and programs that relate to you in your work at ACE and about benefits for which you may be eligible.

**After you have familiarized yourself with the contents of this guide, you must print out, date and sign the receipt and agreement form** (click the underlined words to connect to the form) **and return it to your supervisor. All employees must have a signed acknowledgement and agreement form in their personnel file.**

This guide supersedes all previously issued guides and handbooks and inconsistent verbal or written policy statements.

The material covered in this guide is valuable to you as a ready reference, and we hope you will read it carefully.

## What's In This Guide

This resource contains general policies and program descriptions. Your manager may provide you with information about more detailed procedures. Descriptions and information about benefit plans are usually distributed directly to you at your home or at your work location. The benefit plans, not this guide, set forth and control the terms of your benefits. As circumstances and competitive conditions change, ACE reserves the right to change any or all policies, programs and benefit plans in whole or in part at any time, with or without notice to you. Such changes can only be made in writing. However, any benefit entitlement to which you have vested rights as of the date of the change will not be taken away as a result of any change.

Although this guide contains descriptions of numerous ACE policies, procedures, programs and benefits, there are only two terms of your employment. They are very important. The first is that your employment is



not for any fixed period of time. Just as you can terminate your employment at any time for any reason, so too can the Company terminate your employment at any time for any reason. The second is that you agree that you will not go to court to decide any employment-related claim. Instead, you you must resolve all employment-related legal disputes by going to a neutral third-party arbitrator (see the Employment Dispute Arbitration Policy). Nothing in this guide changes, modifies or alters these two terms of your employment.

*Regardless of what anyone may have told you or you may have read before you were hired or after, these two terms of your employment are are the full and complete agreement between you and the Company concerning these terms and cannot be changed except by a written agreement between you and your employer signed by the President of the Company.*

If you have any questions regarding the material contained in this guide, do not hesitate to contact your local Human Resources department.

*The term "ACE" as used throughout this guide means ACE INA Holdings Inc., ACE US Holdings Inc., and their subsidiaries. ACE owns the subsidiaries for which most employees work. The term "the Company" means the particular ACE subsidiary that employs you.*

EXHIBIT G ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

Employment Dispute Resolution Policy

 **ACE Connect**

Home | Directory | Help | Search:

**Me at ACE**    **ACE**    **News**    **Tools**    **Products**

ACE  >  Working at ACE  >  Human Resources  >  ACE region - North America  >  United States of America

# Employment Dispute Resolution Policy

## Employee Policies

### Policy Statement

ACE believes that our work environment should be positive and productive and encourages open communication between employees and managers. ACE understands that conflicts occasionally arise and believes that it is important to provide an efficient process for employees to voice their concerns. Therefore, ACE provides policies and programs that are designed to maintain a positive work environment for all employees.

The Employment Dispute Resolution Policy allows for timely resolution of conflicts. The policy contains processes that provide employees with an effective arena for resolving work-related conflicts as well as improving the lines of communication. Specifically, the Internal Review Process is available to address employee concerns and the Arbitration Process is available if the conflict is not resolved through the Internal Review Process.

Internal Review Process

Arbitration

Internal Review Process Form

**Tools**



### Contents

- Travel and Related Expenses
- Initial Set-Up Procedures for Work at Home Employees
- Overtime Compensation
- California Paid Family Leave Program ( California Employees Only)
- To Whom Do ACE Employee Policies Apply?
- ACE Employee Policies Introduction
- ACE Rewards & Recognition Program
- Independent Contractors Policy
- Resignation Procedures
- Privacy Policy And Employee Records
- Posting for a Job at ACE
- Service with ACE
- Outside Board of Directors Policy
- Employment Dispute Arbitration Rules And Procedures
- Employee Relations Statement
- Bereavement Leave of Absence
- Attendance Policy
- Alcohol Policy For Company Sponsored Events
- Bonding
- Dress Policy
- Electronic Mail and Other Communications Technology Usage Guidelines
- ACE INA Global Information Security Policy
- Usage of Temporary Employees

EXHIBIT H ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

 **ACE Connect**

Me at ACE    ACE    News    Tools    Products

ACE  >  Working at ACE  >  Human Resources  >  ACE region - North America  >  United States of America

# Employment Dispute Internal Review Process

**Tools**



## Employee Policies

The Internal Review Process is part of the Employment Dispute Resolution Program. It ensures open communication and guarantees a timely response to an employee complaint. The Internal Review Process has two phases:

Phase I

- The first and most direct way to raise issues about your job or work situation is to go to your supervisor or manager. If you are unable to talk directly with your supervisor, your Human Resource representative is available to discuss your issues.
- If your manager and human resources representative are not able to correct the situation or are unwilling to change an earlier decision, you may move to Phase II of the Internal Review Process.

Phase II

- In Phase II, an employee can privately raise to another level work-related matters not resolved in Phase I. If you are not satisfied with the course of action in Phase I, Phase II will provide you with another audience. Phase II Internal Review requests are handled by a neutral party—an experienced human resource professional.
- You can request a Phase II review of your issue by completing an Internal Review Process Form. You will be contacted within 48 hours of receipt of the form by ACE INA Employee Relations.
- You may request to keep your name confidential. However, there are certain situations that will require investigations and it may not be possible to remain anonymous. Every investigation will be handled discretely.

If you want to challenge the decision after completing the Internal Review Process, you must

**Contents**

- Travel and Related Expenses
- Initial Set-Up Procedures for Work at Home Employees
- Overtime Compensation
- California Paid Family Leave Program ( California Employees Only)
- To Whom Do ACE Employee Policies Apply?
- ACE Employee Policies Introduction
- ACE Rewards & Recognition Program
- Independent Contractors Policy
- Resignation Procedures
- Privacy Policy And Employee Records
- Posting for a Job at ACE
- Service with ACE
- Outside Board of Directors Policy
- Employment Dispute Arbitration Rules And Procedures
- Employee Relations Statement
- Bereavement Leave of Absence
- Attendance Policy
- Alcohol Policy For Company Sponsored Events
- Bonding
- Dress Policy
- Electronic Mail and Other Communications Technology Usage Guidelines
- ACE INA Global Information Security Policy
- Usage of Temporary Employees

Employment Dispute Internal Review Process
Case 3:07-cv-04014-JCS    Document 16-3    Filed 12/14/2007    Page 9 of 32
Case 2:07-cv-01525-MAM    Page 2 of 3

proceed to the next step of the Employment Dispute Resolution Program, which is Arbitration.

- Interaction Between Bermuda and U.S. Operations
- Holidays - Early Office Closing Option
- Flexible Work Arrangements Policy
- Family and Medical Leave of Absence
- Equal Employment Opportunity and Affirmative Action
- Entertainment Guidelines
- Employment Dispute Resolution Policy
- Employment Dispute Internal Review Process
- Employment Dispute Arbitration Policy
- Drug And Alcohol Testing Procedures Guide
- Company-Sponsored Employee Events Guidelines
- Attendance Policy (California only)
- Americans with Disabilities Act (ADA)
- ACE INA Vehicle Policies and Procedures-SECTION V
- ACE INA Vehicle Policies and Procedures-SECTION IV
- ACE INA Vehicle Policies and Procedures-SECTION III
- ACE INA Vehicle Policies and Procedures-SECTION II
- ACE INA Vehicle Policies and Procedures-SECTION I
- ACE INA Purchasing Policy
- Intellectual Property
- Standard Work Hours
- Safety and Security Policy
- Smoke-Free Policy
- Cellular Phone Usage Policy
- Workplace Violence
- Weapons Policy
- Requests for Employee Information
- Personal Property Policy
- Personal Leave without Pay
- Personal Conduct on the Job
- Office Property Policy
- No Solicitation/No Distribution

EXHIBIT I ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

 ACE Connect

**Me at ACE**    **ACE**    **News**    **Tools**    **Products**

ACE  >  Working at ACE  >  Human Resources  >  ACE region - North America  >  United States of America

# Employment Dispute Arbitration Policy

**Tools**



### Employee Policies

#### Policy Statement

ACE believes it is important to provide employees with an opportunity to resolve employment-related disagreements and problems fairly and quickly. Therefore, it is the policy of the ACE Companies ("ACE") that arbitration by a neutral third party is the required and final means for the resolution of any employment-related legal claim not resolved by the internal dispute resolution processes.

Both ACE [1] and the employee [2] will be bound by any decision made by a neutral arbitrator. If the employee or ACE does not abide by the arbitrator's decision, either party may go to court to enforce the arbitrator's decision, but arbitration must be used before going to court. This policy prevents both ACE and the employee from going to court over employment-related disputes. However, this policy does not prevent, prohibit or discourage an employee from filing a charge with, or participating in an investigation by, the National Labor Relations Board (NLRB); the Equal Employment Opportunity Commission (EEOC); or any other state or federal administrative agency.

As a part of the arbitration process, an employee may request that the dispute be submitted to voluntary mediation before it is submitted to arbitration. If ACE agrees that mediation might resolve the dispute, mediation will be conducted under the Arbitration Rules and Procedures.

#### What does this Policy Cover?

This policy covers all employment-related disagreements and problems that concern a right, privilege or interest recognized by applicable law. Such disputes include claims, demands disputes, controversies or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Equal Pay Act, the Age Discrimination in Employment Act, the Employee Retirement Income Security Act of 1974, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Americans with Disabilities Act, the Family and Medical Leave Act, and any other federal, state or local statute, regulation, ordinance or common law doctrine, regarding unfair competition, employment discrimination, retaliation, whistleblowing, wage and

**Contents**

- Travel and Related Expenses
- Initial Set-Up Procedures for Work at Home Employees
- Overtime Compensation
- California Paid Family Leave Program ( California Employees Only)
- To Whom Do ACE Employee Policies Apply?
- ACE Employee Policies Introduction
- ACE Rewards & Recognition Program
- Independent Contractors Policy
- Resignation Procedures
- Privacy Policy And Employee Records
- Posting for a Job at ACE
- Service with ACE
- Outside Board of Directors Policy
- Employment Dispute Arbitration Rules And Procedures
- Employee Relations Statement
- Bereavement Leave of Absence
- Attendance Policy
- Alcohol Policy For Company Sponsored Events
- Bonding
- Dress Policy
- Electronic Mail and Other Communications Technology Usage Guidelines
- ACE INA Global Information Security Policy
- Usage of Temporary Employees

hour matters, conditions of employment or termination of employment. [3] This policy is intended to substitute final and binding arbitration for court action, and its related delays and inefficiencies. This policy applies to claims that arose prior to the adoption of this policy, pending at the time this policy is distributed, and future claims. The policy will apply to any successors or assigns of ACE. Further, ACE reaffirms its intent that there will be no right or authority for any dispute to be brought, heard or arbitrated as a class action or private attorney general.

If ACE has a legal claim against an employee, ACE must utilize the Employment Dispute Arbitration Rules and Procedures that are a part of this policy, rather than go to court. This policy is a term and condition of the employment relationship between employees and ACE. It is not, however, a guarantee that employment will continue for any specified period of time or end only under certain conditions.

Nothing contained in this policy limits in any way an employee's right to resign from employment with ACE at any time for any reason, or ACE's right to terminate employment at any time for any reason. The employment relationship between ACE and its employee remains "at-will."

This policy cannot be changed except in writing by the assistant vice president, ACE INA Employee Relations. No change to the policy will affect a pending claim unless the employee agrees to the change in writing with the employee's signature.

For more information on how this process works, see the ACE Arbitration Rules and Procedures . The Rules and Procedures are based on and generally follow the American Arbitration Association (AAA) National Rules for the Resolution of Employment Disputes.

[1] As used herein, "ACE" means ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates, ACE Insurance Company, ACE Financial Services Inc, and its subsidiaries, and ACE Capital Re USA Holdings Incorporated and its subsidiaries.

[2] Throughout this Policy "employee" includes current and former employees of ACE and applicants for employment.

[3] The policy also specifically covers state statutory whistleblower claims such as the New Jersey Conscientious Employee Protection Act and state fair employment practices statutes such as the California Fair Employment and Housing Act. However, this does not preclude a party from bringing an action in equity to maintain the status quo or to prevent a party from suffering irreparable harm pending completion of arbitration. However, neither party shall have the right to seek a monetary recovery of any kind except through arbitration.

- Interaction Between Bermuda and U.S. Operations
- Holidays - Early Office Closing Option
- Flexible Work Arrangements Policy
- Family and Medical Leave of Absence
- Equal Employment Opportunity and Affirmative Action
- Entertainment Guidelines
- Employment Dispute Resolution Policy
- Employment Dispute Internal Review Process
- Employment Dispute Arbitration Policy
- Drug And Alcohol Testing Procedures Guide
- Company-Sponsored Employee Events Guidelines
- Attendance Policy (California only)
- Americans with Disabilities Act (ADA)
- ACE INA Vehicle Policies and Procedures-SECTION V
- ACE INA Vehicle Policies and Procedures-SECTION IV
- ACE INA Vehicle Policies and Procedures-SECTION III
- ACE INA Vehicle Policies and Procedures-SECTION II
- ACE INA Vehicle Policies and Procedures-SECTION I
- ACE INA Purchasing Policy
- Intellectual Property
- Standard Work Hours
- Safety and Security Policy
- Smoke-Free Policy
- Cellular Phone Usage Policy
- Workplace Violence
- Weapons Policy
- Requests for Employee Information
- Personal Property Policy
- Personal Leave without Pay
- Personal Conduct on the Job
- Office Property Policy
- No Solicitation/No Distribution

Employment Dispute Arbitration Policy

Policy

- Military Leave of Absence
- Managing Unsatisfactory Performance & Conduct
- California Family Care and Medical Leave and Pregnancy Disability Leave
- Civic Responsibility
- Affirmative Action
- ACE INA Vehicle Handbook
- Honorariums or Special Fees For Employees
- Drug And Alcohol Testing Policy (U.S. Employees Only)
- Family Leave Laws by State/Municipality
- Unemployment Compensation
- Employment of Relatives
- Global Information Security Policy
- ACE Antitrust Compliance Guidelines
- Harassment
- Equal Employment Opportunity
- Non-U.S. Based Employees Traveling to the United States
- Political Contributions
- Proper Treatment of Business Information
- Communications Policy on Public Statements
- U.S. Export Controls
- U.S. Economic Sanctions
- Restrictions on Trading ACE Securities
- Insurance Fraud
- Foreign Corrupt Practices Act
- Business Gifts and Entertainment
- Drug & Alcohol Policy
- Anti-Boycott Laws

 ACE Connect

Home | Directory | Help | Search:

**Me at ACE     ACE     News     Tools     Products**

ACE  >  Working at ACE  >  Human Resources  >  ACE region - North America  >  United States of America

# Employment Dispute Arbitration Rules And Procedures

## Employee Policies

*An employee [1] may obtain a copy of these ACE Companies ("ACE") [2] Employment Dispute Arbitration Rules and Procedures from a human resource representative at any time.*

### 1.  Starting the Arbitration Procedure

A party who wants to start the Arbitration Procedure should submit a demand within the time periods required by applicable law. An employee's demand letter must be sent by certified mail to ACE INA Employee Relations, TL33E, ACE INA Human Resources, Two Liberty Place, P.O. Box 41484, Philadelphia, PA 19101-1484, along with (1) The ACE Employment Dispute Arbitration Request Form and (2) The ACE Employment Dispute Arbitration Fee Sharing Form . If ACE is demanding arbitration, it will send its demand letter and (1) The ACE Employment Dispute Arbitration Request Form and (2) The ACE Companies Employment Dispute Arbitration Fee Sharing Form by certified mail to the employee's last known home address..

ACE will pay all costs of arbitration in those instances in which it is the party demanding arbitration. In the event an employee demands arbitration, the employee must also send with the demand letter a check or money order for $100 made payable to ACE American Insurance Company. The $100.00 sent by the employee will be used to pay a part of the administrative fees charged by the American Arbitration Association (AAA), the organization that will be providing arbitration services. The remaining fees charged by AAA will be paid by ACE. In the case of a court ordered arbitration, the demand for arbitration must be filed in accordance with these rules and procedures within thirty (30) calendar days from the date of entry of the court order or such other time period as determined by the court.

Within fifteen (15) calendar days after the employer receives the request for arbitration form, ACE will file the form with the office of the

## Tools

## Contents

- Travel and Related Expenses
- Initial Set-Up Procedures for Work at Home Employees
- Overtime Compensation
- California Paid Family Leave Program ( California Employees Only)
- To Whom Do ACE Employee Policies Apply?
- ACE Employee Policies Introduction
- ACE Rewards & Recognition Program
- Independent Contractors Policy
- Resignation Procedures
- Privacy Policy And Employee Records
- Posting for a Job at ACE
- Service with ACE
- Outside Board of Directors Policy
- Employment Dispute Arbitration Rules And Procedures
- Employee Relations Statement
- Bereavement Leave of Absence
- Attendance Policy
- Alcohol Policy For Company Sponsored Events
- Bonding
- Dress Policy
- Electronic Mail and Other Communications Technology Usage Guidelines
- ACE INA Global Information Security Policy
- Usage of Temporary Employees

Employment Dispute Arbitration Rules And Procedures

American Arbitration Association ("AAA") closest to where the facts occurred which gave rise to the dispute, together with the applicable administrative fee payable to the AAA.

ACE may file any counterclaim against the employee that would exist if the dispute were in court. The counterclaim shall set forth the nature of the claim, the amount in controversy, if any, and the remedy sought. The employee shall receive notice in writing of any counterclaim filed against him or her.

2. **Appointment of a Mediator**

In the event a party is willing to attempt to resolve the matter through non-binding mediation before going to arbitration, the party must submit a written request for mediation sent by certified mail as detailed in the ACE Employment Dispute Arbitration Policy. The party receiving the request must respond to the other within seven (7) calendar days after receipt. Unless an employee or ACE has refused mediation, immediately after the demand for mediation is filed with the AAA, a mediator will be appointed as follows:

a. Immediately after a party files the mediation demand, the AAA will send to the employee and ACE identical lists of at least three proposed mediators. The individuals on the lists, most likely lawyers, will be knowledgeable about employment disputes and laws.

b. Both the employee and ACE will have ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one mediator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and ACE.

If the employee and ACE do not agree on any of the listed names, or if an acceptable mediator is unwilling to act, the AAA will send to each party an additional list and the above procedure will be followed one more time. If the employee and ACE do not agree on a mediator from the second list, or if the mediator agreed upon cannot serve, the AAA will appoint a mediator from among other members of its panel of employment dispute mediators. The AAA will notify the employee and ACE in writing of the appointment of the mediator.

- Interaction Between Bermuda and U.S. Operations
- Holidays - Early Office Closing Option
- Flexible Work Arrangements Policy
- Family and Medical Leave of Absence
- Equal Employment Opportunity and Affirmative Action
- Entertainment Guidelines
- Employment Dispute Resolution Policy
- Employment Dispute Internal Review Process
- Employment Dispute Arbitration Policy
- Drug And Alcohol Testing Procedures Guide
- Company-Sponsored Employee Events Guidelines
- Attendance Policy (California only)
- Americans with Disabilities Act (ADA)
- ACE INA Vehicle Policies and Procedures-SECTION V
- ACE INA Vehicle Policies and Procedures-SECTION IV
- ACE INA Vehicle Policies and Procedures-SECTION III
- ACE INA Vehicle Policies and Procedures-SECTION II
- ACE INA Vehicle Policies and Procedures-SECTION I
- ACE INA Purchasing Policy
- Intellectual Property
- Standard Work Hours
- Safety and Security Policy
- Smoke-Free Policy
- Cellular Phone Usage Policy
- Workplace Violence
- Weapons Policy
- Requests for Employee Information
- Personal Property Policy
- Personal Leave without Pay
- Personal Conduct on the Job
- Office Property Policy
- No Solicitation/No Distribution

The AAA will notify the parties in writing at least fourteen (14) calendar days in advance of the mediation session of the date, time and place of the session. The mediation session should take place within thirty (30) calendar days after the mediator is appointed.

3.  **Qualifications of the Mediator**

The mediator must be a neutral person. That is, no one may be a mediator in any matter in which that person has any financial or personal interest in the result. Before agreeing to mediate a dispute, the prospective mediator shall disclose to the AAA any circumstance likely to prevent a prompt mediation or to create a presumption of bias. Upon receipt of such information, the AAA will either follow the process described in paragraph 2 above or communicate the information to the employee and ACE for comment. Following comments, the AAA may disqualify the prospective mediator and follow the above process or appoint a new mediator.

4.  **The Mediation Session**

At a scheduled mediation session, the mediator talks to each party, then works to help them reach an agreeable resolution. The mediator's goal is to give both parties reasons to move their views closer together. Through a process of give and take, the mediator tries to bring the parties to a common ground. The mediator cannot issue a settlement. Both parties must agree. If either party is unwilling to compromise, there is no reason to attempt mediation. If the dispute is not resolved in mediation, or either party chooses to skip that stage, arbitration is mandatory and the final step.

5.  **Closure of Mediation**

Mediation will end as soon as: (a) the parties reach a mutually satisfactory resolution of the dispute or (b) one of the parties refuses to continue mediation or © the mediator decides that further mediation would not be productive.

6.  **Appointment of an Arbitrator**

If either party refuses to attempt mediation, or if mediation does not resolve the dispute in a manner satisfactory to the employee and ACE and a party desires to proceed with arbitration, the party should, within thirty (30) calendar days of either the refusal to mediate or closure of mediation, submit a written demand to arbitrate in accordance with paragraph 1, if the party has not already done so. An arbitrator will be appointed as follows: (If employee has submitted a fee to proceed to mediation, no further fee is required if employee later chooses to submit a demand for arbitration.)

Policy

[ ] Military Leave of Absence
[ ] Managing Unsatisfactory Performance & Conduct
[ ] California Family Care and Medical Leave and Pregnancy Disability Leave
[ ] Civic Responsibility
[ ] Affirmative Action
[ ] ACE INA Vehicle Handbook
[ ] Honorariums or Special Fees For Employees
[ ] Drug And Alcohol Testing Policy (U.S. Employees Only)
[ ] Family Leave Laws by State/Municipality
[ ] Unemployment Compensation
[ ] Employment of Relatives
[ ] Global Information Security Policy
[ ] ACE Antitrust Compliance Guidelines
[ ] Harassment
[ ] Equal Employment Opportunity
[ ] Non-U.S. Based Employees Traveling to the United States
[ ] Political Contributions
[ ] Proper Treatment of Business Information
[ ] Communications Policy on Public Statements
[ ] U.S. Export Controls
[ ] U.S. Economic Sanctions
[ ] Restrictions on Trading ACE Securities
[ ] Insurance Fraud
[ ] Foreign Corrupt Practices Act
[ ] Business Gifts and Entertainment
[ ] Drug & Alcohol Policy
[ ] Anti-Boycott Laws

a. Immediately after a party files the demand for arbitration (when the parties do not agree to mediate) or, in the case of a failed mediation, immediately after the mediator notifies the AAA that the mediation has failed, the AAA will send to the employee and ACE an identical list of all arbitrators who are members of the regional Employment Dispute Resolution Roster of the AAA. The individuals on the lists will be knowledgeable about employment disputes and laws and probably will be lawyers. No one on the lists will have served as mediator in the same dispute, unless both the employee and ACE send a written request to the AAA that the mediator's name be included in the lists.

b. Both the employee and ACE will have no more than ten (10) calendar days from the date the AAA mails them the list to cross off any name(s) to which the party objects; number the remaining names in order of preference; and return the list to the AAA.

c. If a party does not return the list within the ten (10) calendar days, that party will be treated as having found all persons on the list to be equally acceptable.

d. The AAA shall appoint one arbitrator from the names remaining on the lists. If possible, the AAA will try to honor the preferences of both the employee and ACE.

e. If the employee and ACE do not agree on any of the listed names, or if an acceptable arbitrator is unwilling to act, the AAA will appoint an arbitrator from among other members of its Roster of employment dispute arbitrators. The AAA will notify the employee and ACE in writing of the appointment of the arbitrator.

7. **Qualifications of the Arbitrator**

The arbitrator must be a neutral person. That is, no one may be an arbitrator in any matter in which that person has any financial or personal interest in the result. Before agreeing to arbitrate a dispute, the prospective arbitrator shall disclose to the AAA any circumstance likely to prevent a prompt arbitration or to create a presumption of bias. Upon receipt of such information, the AAA will either appoint a different arbitrator or communicate the information to the employee and ACE for comment. Following comments, the AAA may disqualify the prospective arbitrator. If an arbitrator is disqualified or unable to serve for any reason, the procedure in paragraph 6 above shall be used to appoint a new arbitrator.

8. **Power of the Arbitrator**

Arbitration under these Rules and Procedures will be governed by the Federal Arbitration Act

(Title 9 U.S.C. Sec. 1 et seq). The arbitrator will have all the powers a judge would have in dealing with any question or dispute that may arise before, during and after the arbitration hearing. The arbitrator's power is limited to rights, which would be protected in court. The arbitrator must apply statutory and case law to the facts of the dispute. The arbitrator will apply the burden of proof required by applicable federal, state or local law. However, the arbitrator will have no power to change ACE's policies and procedures (including the arbitration policy and procedures) or to change the law applicable to the facts of the dispute. The arbitrator must enforce, and not deviate in any way from, these rules and procedures.

Where these Rules do not address an issue, the Arbitrator should refer to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

## 9. Date, Time and Place of Hearing

The AAA, in cooperation with the arbitrator and the parties, will set the date, time and place of a hearing (which should be within ninety (90) calendar days of the appointment of the arbitrator). At least sixty (60) calendar days before the date set for the hearing, the AAA will notify the parties in writing of the date, time and place of the hearing.

## 10. Discovery (Fact Gathering)

Not less than twenty (20) calendar days after receiving notice of the date set for the hearing, each party will submit to the other: (1) the names, work or home addresses and job titles of all witnesses the party then expects to have testify at the hearing, and if a witness is not an employee of an ACE company, sufficient identifying information must be supplied as well; and (2) a copy of all exhibits and/or documents that the party then expects to produce at the hearing.

Each party shall have the right to serve on another party ten interrogatories and ten requests for production of documents without approval of the arbitrator. The party served with the interrogatories or requests for production of documents shall respond within thirty days of receipt. Each party shall have the right to take depositions totaling two days of seven hours without approval of the arbitrator.

Whoever asks for a deposition must: (1) give the other party and the witness at least ten (10) calendar days advance notice so that they both may be present; and (2) arrange for a court reporter to attend and record the deposition; and (3) pay for the costs associated with the hiring of a court reporter, producing a deposition

transcript for their own use and securing office space.

A party who is properly notified of the schedule for his/her deposition and who fails to appear will be liable to the other party for the reasonable costs incurred by the other party in setting up the deposition.

All discovery must be completed twenty (20) calendar days before the date set for the hearing. In addition, at the completion of discovery, each party must then, not less than twenty (20) calendar days before the date set for the hearing, submit to the other party the final list of witnesses and exhibits that the party expects to have testify and produce at the hearing. If any exhibit or document was not previously produced to the other party, a copy of it also must be provided.

The arbitrator shall have the authority to order such (other) discovery, by way of deposition, interrogatory, document production or otherwise, and set such time schedules and deadlines, as the arbitrator considers necessary to a full and fair exploration of the issues in dispute, consistent with the expedited nature of arbitration.

All discovery disputes will be resolved in accordance with these rules and procedures and in the sole discretion of the arbitrator.

## 11. Attendance at Hearing

The employee and ACE are entitled to call witnesses to testify at the hearing and to cross-examine witnesses called by the other party. If either party attempts to call as a witness any person, including any employee of any ACE company, who (1) was not listed as a witness by either party and (2) certifies in writing to the arbitrator that he/she has no knowledge of the facts surrounding the dispute, the other party may seek from the arbitrator an order preventing such attempt. Witnesses at depositions and hearings who are employees of an ACE company will be permitted to testify without loss of compensation or benefits for time away from work. ACE, however, retains the right to limit the number of employees who may be absent from work at one time. The arbitrator will have the power to exclude from the hearing any witness other than a party or other essential person during the testimony of any other witness. The arbitrator will determine whether any other person(s) may attend the hearing. The arbitrator will not have the power to exclude a representative of a government agency from attending the hearing provided one of the parties has given at least five (5) days advance written notice to the arbitrator and the other party of their desire and intention to have the representative present. The arbitrator will

Employment Dispute Arbitration Rules And Procedures

maintain the privacy of the hearings and any
decision unless he/she decides that it would be
appropriate in the circumstances to make the
decision public or is required by law to do so.

12.  **Postponement**

The arbitrator, for good cause shown, may
postpone any hearing or deadline upon the
request of a party or upon the arbitrator's own
initiative and will also grant a postponement if
both the employee and ACE agree. However, at
all times the arbitrator must consider that one of
the purposes of this process is to resolve
disputes quickly.

13.  **Oaths**

Before starting the hearing, the arbitrator will
take an oath of office. The arbitrator will require
witnesses to testify under oath.

14.  **Stenographic Records**

There shall be a stenographic record of the
proceedings only if the employee or ACE
requests it. The party requesting a stenographic
record must pay the court reporter's fees for
producing the record. If the other party wants a
copy of the stenographic record, then the total
cost shall be shared equally by both parties. If
the employee or ACE wants to record the
proceedings by audio tape, that party must notify
the other party and ask permission from the
arbitrator at least seven (7) calendar days in
advance of the hearing. The arbitrator will have
the power to grant or deny the request and to
tape the proceedings for his/her own use.

15.  **Proceedings**

Normally, the hearing will be completed within
one day. In unusual circumstances and for good
cause shown, the arbitrator may schedule as
much additional hearing time as the arbitrator in
his/her sole discretion thinks is needed, and this
extra time will be scheduled as soon as
practicable. The hearings will be conducted by
the arbitrator in whatever manner will most
easily and quickly permit full presentation of the
evidence and arguments of both parties.

If the arbitrator decides that there is no genuine
issue of material fact, then the arbitrator may
render a decision stating in writing his/her
findings of fact and conclusions of law without a
hearing.

In determining whether to grant summary
judgment, the arbitrator will apply the law in the
same manner as a Federal court would in the
same jurisdiction.

The arbitrator's decision will be subject to judicial review in accordance with the Federal Arbitration Act.

16. **Arbitration in the Absence of a Party**

The arbitration may proceed in the absence of any party or representative who, after receiving proper advance notice of the hearing, does not get a postponement from the arbitrator and does not appear at the hearing. The arbitrator will not make a decision against a party just because the party does not appear at the hearing. The arbitrator will require the party that does appear to submit as much evidence as the arbitrator requires to make a decision.

17. **Evidence**

The arbitrator shall be the sole judge of the relevance and materiality of any evidence offered. It is not necessary for the arbitrator to strictly follow legal rules of evidence.

18. **Evidence by Affidavit and Filing of Documents**

The arbitrator may accept evidence in the form of a notarized affidavit of a witness; will consider any objections to the affidavit by the other party; and will then give the affidavit the weight the arbitrator determines it merits. All documents to be considered by the arbitrator must be presented at the hearing. The arbitrator will not receive or consider an exhibit or document that was not already supplied to the other party under paragraph ten (10). However, the arbitrator should consider the testimony of a witness who testifies his/her recollection has been refreshed by a document even though the document was not produced under paragraph ten (10). Either party may request that the arbitrator consider post-hearing briefs (a written summary of the issues, evidence and arguments). The arbitrator will decide how much time each party may have to submit briefs, and set limits to the length of the briefs, but the arbitrator will be guided by the desire that the dispute be resolved quickly. Post-hearing briefs will be submitted to the arbitrator through the AAA.

19. **Closing of Hearing**

When the arbitrator is satisfied that the record is complete, he/she in his/her sole discretion will close the hearing.

20. **Reopening of Hearing**

At any time before the decision is issued, the arbitrator in his/her sole discretion may reopen the hearing either on the arbitrator's initiative or

upon the request of a party.

21.  **Waiver of Procedures**

Any party who knows or suspects that any provision or requirement of these procedures has not been complied with and who does not object in writing, but instead proceeds with the arbitration shall be treated as having waived the right to object.

22.  **Time of Award**

The arbitrator will decide the dispute promptly unless otherwise agreed by the parties or specified by law. The arbitrator will issue a decision within thirty (30) calendar days of the close of the hearing, or as soon as possible thereafter if both parties agree.

23.  **Decision**

1.  *Form* - The arbitrator's decision will be in writing and signed by the arbitrator. In addition, the arbitrator will issue a written opinion giving the reasons for the decision. The decision will be implemented in the manner required by law.

2.  *Scope of Relief* - The arbitrator will have full power and authority to award any remedy that either party would have been entitled to under equity or law. The arbitrator will apply the rules of law of the United States of America and the state and locality in which the employee worked to the extent applicable to the dispute. In any award of back pay, the arbitrator must deduct lawful set-offs, as required by law. The arbitrator may deduct for failure of a party to mitigate damages.

24.  **Delivery of Decision to Parties**

The AAA will notify the employee and ACE of the arbitrator's decision by mailing and/or faxing it to the parties (or their representative) at their last known address.

25.  **Enforcement**

The arbitrator's decision may be enforced or vacated under the terms of the Federal Arbitration Act (Title 9 U.S.C. Sec. 1 et seq.). Judicial Proceedings and Exclusion of Liability

1.  Neither the AAA nor any arbitrator in

a proceeding under these Rules and Procedures may be sued or made a party in any judicial proceedings related to the arbitration. Participation in arbitration proceedings under these Rules and Procedures shall be deemed to be consent and agreement not to sue the AAA or the arbitrator.

2.  If any federal or state court with jurisdiction over the parties and the disputes holds that any part of this arbitration policy is invalid, unlawful or otherwise unenforceable, the remaining parts shall not be affected thereby, and the parties shall arbitrate their dispute without reference to or reliance upon the invalid, unlawful or unenforceable part of this arbitration policy.

3.  Parties to these Rules and Procedures shall be deemed to have consented to the entry of a judgment upon the arbitration decision in any federal or state court with jurisdiction over the parties and the dispute.

26.  **Fees, Expenses and Costs**

Unless the employee chooses in his/her demand for arbitration to share equally in such expenses, ACE will pay 100% of any mediation/arbitration administrative fees required by the AAA in excess of the one hundred dollars ($100.00) paid by the employee. Except for the salary of witnesses who are active employees of an ACE Company (which will be paid by the ACE Company), the party who calls a witness to testify at the hearing shall be responsible for all witness fees and expenses as provided by law. Unless the arbitrator decides otherwise, and subject to any remedies to which a party may be entitled under the law, each party shall pay its own legal fees and expenses. The payment of expenses for discovery and stenographic records is covered by paragraphs 10 and 14. All other fees, expenses and costs of the arbitration, such as the arbitrator's travel and other expenses, costs for any witness produced at the direction of the arbitrator, and the expenses of a representative of AAA, if any, shall be paid completely by ACE (unless the employee chooses in his/her demand for arbitration to share in such expenses). Postponement of hearing fees, if any, will be paid by the party that requested the postponement. The arbitrator's fees will be paid through the AAA.

27.  **Serving of Notice**

Service of any notice, form, process, complaint, award, judgment, subpoena, or any other document required or associated with these procedures may be served on a party by (a) certified mail, return receipt requested, addressed to the party or its authorized representative at the last known address, or (b) personal service acknowledged in writing by the party or authorized representative served. A reasonable opportunity to be heard shall be granted to a party claiming insufficient notice or service.

28.  **Amendment or Termination of Arbitration Process**

The arbitration process may be changed in writing by ACE. No change will affect a party who has already started the arbitration process at the time the change is made.

29.  **Interpretation and Application of Process**

The arbitrator shall interpret and apply these Rules and Procedures consistent with applicable law.

30.  The terms of these rules and Procedures are severable. The invalidity or unenforceability of any provision herein shall not affect the application of any other provision. Where possible, consistent with the purpose of the Rules and Procedures, a court of competent jurisdiction may reform any otherwise invalid provision of these Rules and Procedures and enforce such provision as reformed.

[1] Throughout these Rules and Procedures, "employee" includes current and former ACE employee(s) and applicants for employment.

[2] ACE refers to ACE US Holdings, Inc., its subsidiaries and affiliates, and ACE INA Holdings, Inc., its subsidiaries and affiliates.

# ACE EMPLOYMENT DISPUTE ARBITRATION REQUEST FORM

To begin the Arbitration or Mediation process, you must fill out this form and the Fee Sharing Form completely, and send them to:

> **ACE INA Employee Relations, TL33E**
> **Two Liberty Place**
> **P.O. Box 41484**
> **Philadelphia, PA 19101-1484**

**MEDIATION:**  If you wish to request mediation before engaging in binding arbitration, indicate this decision by placing your initials here. _____

**ISSUE(S):**  Please attach a statement of the issue(s) to be resolved and the relief requested.

**LEGAL REPRESENTATION:**

Please check here if you plan to have legal representation.          _____

Please check here if you do not plan to have legal representation.          _____

(**Note:**  You may change your decision about representation at any time. It is requested that you provide ten (10) calendar days advance notice in writing to ACE INA Employee Relations at the above address).

Please provide the full mailing address to which all correspondence about the dispute should be sent as well as the telephone number where you can be contacted.

**NAME**          _____

**ADDRESS**          _____

          _____

**TELEPHONE #** _____

**DATE:** _____          **SIGNATURE:** _____

## ACE EMPLOYMENT DISPUTE ARBITRATION FEE SHARING FORM

In accordance with the ACE Employment Dispute Arbitration Rules and Procedures, please complete this form and send it along with the Arbitration Request Form, a check for $100 and your demand for arbitration letter to:

**ACE INA Employee Relations, TL33E**
**Two Liberty Place**
**P.O. Box 41484**
**Philadelphia, PA 19101-1484**

In order to begin the Arbitration process, employees must pay $100 toward the fees for arbitration. Employees also have the option to share equally in the cost and fees associated with Arbitration. Please indicate below whether or not you wish to share in the fees beyond the $100 payment.

**I wish to share equally in the fees for Arbitration** _____

**I wish to pay only $100 toward the fees for Arbitration** _____

_____    _____
Employee Signature                                               Date

EXHIBIT J ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

## ACE EMPLOYEE GUIDE:
## Receipt and Agreement

This is to acknowledge that I have received and will take the time to review the ACE Employee Guide available to me on ACE's intranet site. I agree that it is my responsibility to read the Employee Guide and to understand and abide by the rules, policies, procedures and standards set forth in the Guide.

_Maria Abrahim_

**Print Name**

_Maria Abrahim_

**Signature**

_03.15.00_

**Date**

[To Be Placed in Employee's Personnel File]

*The term "ACE" as used throughout this guide means ACE INA Holdings Inc., ACE US Holdings, Inc., and their subsidiaries.  ACE owns the subsidiaries for which most employees work.  The term "the Company" means the particular ACE subsidiary that employs you.*

EXHIBIT K ATTACHED TO THE DECLARATION OF
DENISE CARSON IN SUPPORT OF DEFENDANTS
ESIS, INC., AND ACE AMERICAN INSURANCE
COMPANY'S MOTION TO COMPEL ARBITRATION

ABRAHIM V. ESIS, INC., ACE AMERICAN
INSURANCE COMPANY
CASE NUMBER:  C07-4014 JCS

# MEMORANDUM

TO:        Gigi Ocampo

FROM:      Maria Abrahim

DATE:      March 28, 2002

RE:        Response to Termination Warning

CC:        Human Resources

---

The purpose of this Memorandum is to respond to the Termination Warning dated March 26, 2002 prepared by Gigi Ocampo in regard to my meeting with Ms. Ocampo on March 21, 2002. The initial part of the meeting was conducted between myself and Ms. Ocampo.

## My Behavior During the March 21, 2002 Meeting

The subject of the March 21, 2002 meeting was pay increases and bonuses for my team and me. During the meeting, I expressed concerns I had regarding what I perceived was an infusion of subjectiveness in how pay increases and bonuses were determined. I felt it necessary to express such concerns in light of the fact that I have worked extremely hard this past year, working weekends and after hours. I even volunteered and took on the additional responsibilities of recruiting and training new employees who are not on my team. I did not feel that my increase and bonus corresponded with my efforts.

Ms. Ocampo did not feel comfortable about my questioning how pay increases and bonuses are ascertained. Prior to the meeting, I believed that I had a good working relationship with Ms. Ocampo. For a number of years, she has promulgated an open door policy. I believed such policy was in effect during our meeting. Therefore, I felt that since I was in a private meeting with Ms. Ocampo that I could express concerns I had about the process. If I cannot express to her what I am feeling, I do not believe there is a channel and arena for me to do so. I believe that a healthy company allows its employees to express concerns openly.

At no time did I raise my voice, lash out, pound my fingers on Ms. Ocampo's desk, or toss the award

statement at her during this meeting. I do not believe I was hostile, vicious or that my tone and delivery was menacing. In fact, after excusing myself from the meeting, I walked out of the office calmly.

I also did not question why two of my direct reports were given promotions. The only reason I asked about those promotions, more specifically the increases given to my team members, I was told that my salary increase was tied to a lower budged this year. If the budget is lower this year, I did not understand why some of my team members received an increase higher than what I recommended.

I deny suggesting that Ms. Ocampo lacks the general knowledge or integrity to make a decision for the entire office. I respect Ms. Ocampo and the responsibilities that accompany her office.

## The Company's Progressive Discipline Process

Although I understand that each step of the company's "Progressive Discipline Process" does not have to be used, I do not feel that my conduct during the March 21, 2002 meeting with Ms. Ocampo warrants by passing a step in the company's progressive disciplinary procedure. More specifically, I have never been provided a written warning.

In addition, I do not believe I have been counseled previously. The Termination Warning refers to Mark Musa as an example of someone who has counseled me about curbing my "communication style from that of being attacking and abusive to professional and constructive." Mr. Musa has never counseled and/or warned me regarding my communication style. The only instance where Mr. Musa got involved was regarding a difference that I had with another supervisor, Lisa Damestoy. Mr. Musa requested Ms. Damestoy and I to have breakfast with him to discuss our differences. Mr. Musa did not lay on either myself or Ms. Damestoy. As a result of that breakfast meeting, and what I believe was an open channel of communication, Ms. Damestoy and I currently enjoy a good working relationship.

The Termination Warning also refers to HR leaders as having counseled and warned me about curbing my "communication style from that of being attacking and abusive to professional and constructive." This reference is vague and non-specific. I do not have an abusive communication style nor have I been counseled for having such a communication style. The only incident I believe this statement is referring to is when the human resources representative recently informed me to "pick your battles" in regard to an incident with Shannon Garzes, a claims representative in Patrick Smith's team. One of my team members came to me to complain that Ms. Garzes was treating her poorly. I then requested Ms. Garzes to approach me directly regarding any complaints or concerns she might have regarding this team member.

## Requested Clarifications

The Termination Warning provides that if I am not "meeting the terms of this warning at any time, [I] may be terminated." I believe that the terms are vague and ambiguous. Although I believe that I

2

conduct myself in a professional manner and maintain a respectful demeanor in my capacity as a supervisor. I feel that I can now be subject to termination based on any individual's (a disgruntled team member, account, vendors, attorneys, etc.) subjective perception of what constitutes unprofessional or disrespectful manner. This is a vulnerable position to be placed in considering the world events of last year. I, therefore, request a list outlining specific conduct that can subject me to immediate termination without further warning.

I also would like clarification regarding the benefits that have been discontinued this year as a result of the Termination Warning. I did not find any basis in the Employee Guide for discontinuing my benefits.

Date: April 10, 2002

By: _Maria Abrahim_
      Maria Abrahim

3