Constantin V. Roboostoff [69328]
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 610
San Francisco, California 94104
Telephone: (415) 732-0282
Facsimile:  (415) 732-0287

Attorneys for Plaintiff
Maria Abrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Maria Abrahim, | ) | Case No.  C 07-04014 JCS |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO COMPEL ARBITRATION** |
| v. | ) | |
| | ) | Date:   February 1, 2008 |
| ESIS, Inc., Ace American Insurance Company, | ) | Time:  9:30 a.m. |
| | ) | Judge: Judge Joseph C. Spero |
| Defendants. | ) | Dept:   Courtroom A, 15th Floor |
| | ) | |

## I.    INTRODUCTION.

The Court should refuse to consider defendants' motion to compel arbitration for the following reasons:

(i)       Defendants failed to comply with FRCP 26(a)(1) and the Court's Case Management And Pretrial Order, dated November 9, 2007, where the parties were ordered to exchange initial disclosures by November 16, 2007;

(ii)      Defendants' motion is not supported by admissible evidence, as the supporting declaration contains inadmissible hearsay; contains inadmissible lay opinion; does not

1  affirmatively show that the declarant is competent to testify to the matters contained therein;

2  contains conclusions of fact or law, and not evidentiary facts; and

3      (iii)    Defendants' Employment Dispute Arbitration Policy is procedurally and

4  substantively unconscionable.

5  **II.    FACTUAL AND PROCEDURAL BACKGROUND.**

6      **A.    Statement of Facts.**

7      On March 15, 2000, plaintiff Maria Abrahim ("plaintiff") signed a document entitled

8  "ACE Employee Guide: Receipt and Agreement" ("ACE Employee Guide").  *Declaration of*

9  *Maria Abrahim ("Abrahim Decl."), Ex. A*.

10     All employees were required to sign the ACE Employee Guide as a condition of their

11 employment.  *Abrahim Decl., ¶ 2.*

12     At no time did any of defendants' agents or employees explain to plaintiff the provisions

13 in the ACE Employee Guide dealing with employment dispute mediation and arbitration.  Nor

14 did anyone ever tell plaintiff that she had the option to revise or opt out of the provisions dealing

15 with employment dispute mediation and arbitration.  *Abrahim Decl., ¶ 3.*

16     Plaintiff always understood and was led to believe that signing the ACE Employee Guide

17 was mandatory and a condition of her continued employment with defendants.  *Abrahim Decl., ¶*

18 *4.*

19     **B.    The Present Action.**

20     Plaintiff filed her Complaint in the instant action on August 6, 2007.

21     Defendants filed their Answer to plaintiff's Complaint on September 26, 2007.

22     On November 9, 2007, this Court filed its Civil Minute Order stating in pertinent part that

23 the parties "shall" exchange initial disclosures by November 16, 2007.

24     On November 26, 2007, plaintiff's counsel requested defendants to comply with the

25 Court's order and provide defendants' initial disclosure.  *Declaration of Constantin V.*

26

27

28

1    *Roboostoff , Ex. 1.*

2         To date, defendants have not complied with FRCP 26(a)(1) and this Court's order.

3    **III.    LEGAL DISCUSSION.**

4    **A.    The Court Should Refuse To Consider Defendants' Motion To
            Compel Arbitration Because Defendants Failed To Comply With
5            FRCP 26(a)(1) And The Court's Case Management And Pretrial
            Order, Dated November 9, 2007.**

6         Except as otherwise provided by stipulation or court order, each party must disclose to

7    other parties certain information regarding witnesses, documents, damage computations and

8    liability insurance without awaiting a discovery request.  FRCP 26(a)(1).

9         Absent substantial justification for failure to make the required initial disclosure, a party

10   "is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a

11   motion any witness or information not so disclosed."  FRCP 37(c)(1) (emphasis added.)

12        Here, defendants not only violated FRCP 26(a)(1), but blatantly disregarded the Court's

13   order directing them to comply with Rule 26(a)(1) by November 16, 2007.  In addition, on

14   November 26, 2007, plaintiff's counsel requested defendants to comply with the Court's order.

15        Without response or explanation, defendants failed to comply with the Court's order and

16   Rule 26(a)(1).  As such, defendants should be precluded from using any evidence in support of

17   the instant motion that was not previously disclosed.

18        Since defendants failed to disclose any evidence pursuant to Rule 26(a)(1) , it follows that

19   their motion should be denied because it is unsupported by any admissible evidence.

20   **B.    The Court Should Refuse To Consider Defendants' Motion To
            Compel Arbitration Because It Is Not Supported By Admissible
21           Evidence, As The Supporting Declaration Is Incompetent.**

22        In support of the instant motion, defendants submitted the Declaration of Denise Carson.

23   As detailed in plaintiff's objection to Ms. Carson's Declaration, the Declaration does not

24   constitute admissible evidence in that it is made by a witness without personal knowledge of the

25   facts stated therein; contains inadmissible hearsay, opinions and conclusions; and does not

26

27

28

1  affirmatively show that the witness would be competent to testify at trial.  FRCP 56(e).

2      In short, defendants' motion should be denied because it is unsupported by any

3  admissible evidence.

4  **C.    The Court Should Refuse To Consider Defendants' Motion To**
   **Compel Arbitration Because Defendants' Employment Dispute**
5  **Arbitration Policy ("ACE Agreement") Is Procedurally And Substantively**
   **Unconscionable.**

6

7      **1.    Governing Legal Principles.**

8       Both procedural and substantive unconscionability are required to invalidate an

9  arbitration agreement. (*Armendariz v. Foundation Health Psychcare Services, Inc.*, (2000) 24

10 Cal.4th 83, 114.)  Procedural unconscionability focuses largely on oppression and the manner in

11 which the agreement was negotiated. *(Kinney v. United HealthCare Services, Inc.* (1999) 70

12 Cal.App.4th 1322, 1329.)  Substantive unconscionability, on the other hand, focuses on the terms

13 of the agreement and the presence of overly harsh or one-sided results.  (*Id.* at p. 1330.)  The two

14 aspects need not be present to the same degree. "[T]he more substantively oppressive the contract

15 term, the less evidence of procedural unconscionability is required to come to the conclusion that

16 the term is unenforceable, and vice versa." (*Armendariz,* supra, 24 Cal.4th at p. 114.)

17     To determine whether an arbitration agreement is procedurally unconscionable the court

18 must examine the manner in which the agreement was negotiated and the circumstances of the

19 parties at that time. (*Kinney,* supra, 70 Cal.App.4th at p. 1329).  An inquiry into whether the

20 company's arbitration agreement involves oppression or surprise is central to that analysis.  A

21 contract is oppressive if an inequality of bargaining power between the parties precludes the

22 weaker party from enjoying a meaningful opportunity to negotiate and choose the terms of the

23 contract. (*Stirlen v. Supercuts, Inc.* 51 Cal.App.4th 1519, 1532.)  "Surprise involves the extent to

24 which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form

25 drafted by the party seeking to enforce the disputed terms." (*Id.*)  "'Oppression' arises from an

26 inequality of bargaining power which results in no real negotiation and 'an absence of

27

28

1  meaningful choice.' [Citation.]"  (*A & M Produce Co. v. FMC Corp.* (1982) 135 Cal.App.3d

2  473.)  An arbitration agreement that is an essential part of a "take it or leave it" employment

3  condition, without more, is procedurally unconscionable.  (*Armendariz,* supra, 24 Cal.4th at pp.

4  113-115.)

5          **2.      The ACE Agreement Is Procedurally Unconscionable.**

6          The California Supreme Court held that it is procedurally unconscionable to require

7  employees, as a condition of employment, to waive their right to seek redress of grievances in a

8  judicial forum.  *Id.* at 114-15.  Here, the ACE Agreement is procedurally unconscionable because

9  it is a "take it or leave it" employment condition and the provisions are so located as to easily

10  escape attention and constitute surprise.  (*Stirlen v. Supercuts,* supra, 51 Cal.App.4th at p. 1532;

11  *Steven v. The Fidelity and Casualty Company of New York* (1962) 58 Cal.2d 862, 881-882.)

12          The ACE Employee Guide states that, "**All employees must have a signed**

13  **acknowledgement and agreement form in their personnel file.**"  *Declaration of Denise*

14  *Carson ("Carson Decl."), Ex. F, pg. 1.*  There is little doubt that signing the ACE Employee

15  Guide was a "take it or leave it" employment condition.  *Abrahim Decl., ¶¶ 2,3 & 4.*  In *Circuit*

16  *City Stores, Inc. v. Adams,* 279 F.3d 889 (9th Cir.2002), the Ninth Circuit, applying *Armendariz*

17  (the controlling California Supreme Court case), found an arbitration agreement procedurally

18  unconscionable because it was a "take it or leave it" proposition.  279 F.3d at 893.  The court

19  reasoned that "[t]he agreement is a prerequisite to employment, and job applicants are not

20  permitted to modify the agreement's terms — they must take the contract or leave it."  (*Id.*)  The

21  Ninth Circuit found an agreement in *Ferguson v. Countrywide Credit Industries, Inc.,* 298 F.3d

22  778, 783 (9th Cir.2002), procedurally unconscionable for the same reason.

23          In *Ingle v. Circuit City Stores, Inc.* (2003) 328 F.3d 1165,1172-73 (9th Cir.2003)(*Ingle I*),

24  the Ninth Circuit struck a Circuit City arbitration agreement as both procedurally and

25  substantively unconscionable because the employee Ingle did not have an opportunity to opt out

26

27

28

1    by preserving a judicial forum.  The *Ingle I* court rejected Circuit City's argument that the

2    agreement was enforceable because Ingle had time to consider the arbitration terms, but chose to

3    accept employment anyway.  *Id.* at 1172.  *Ingle I* reasoned that "[t]he amount of time [the

4    employee] had to consider the contract is *irrelevant*."  *Id.* (emphasis added).  *Ingle I* addressed

5    the availability of alternative employment by "follow[ing] the reasoning in *Szetela v. Discover*

6    *Bank,* 97 Cal. App.4th 1094, 118 Cal.Rptr. 2d 862 (2002), in which the California Court of

7    Appeal held that *the availability of other options does not bear on whether a contract is*

8    *procedurally unconscionable." Ingle I,* 328 F.3d at 1172 (citing *Szetela,* 97 Cal.App.4th at 1100,

9    118 Cal.Rptr.2d 862.) (emphasis added).  "Rather, when a party who enjoys greater bargaining

10   power than another party presents the weaker party with a contract without a meaningful

11   opportunity to negotiate, 'oppression and, therefore, procedural unconscionability, are present.'"

12   (*Id.*) (citing  *Ferguson,* 298 F.3d at 784; *Szetala,* 97 Cal.App.4th 1100, 118 Cal.Rptr.2d 862.)

13           Here, in order to ascertain one's legal rights and remedies, an ACE employee has to go

14   on-line, review the Guide, and then click on to several icons before actually getting to the

15   provisions dealing with arbitration.  *Carson Decl., ¶¶ 8, 9 & 11, Ex. F, pg. 1.*  In addition,

16   although the CIGNA receipt, dated November 9, 1994, specifically references its arbitration

17   policy (*Carson Decl., Ex. A*), the ACE receipt, dated March 15, 2000, does not.  *Carson Decl.,*

18   *Ex. J.*  In other words, "the provisions are so located as to easily escape attention." *( Steven v. The*

19   *Fidelity and Casualty Company of New York,* supra, 58 Cal.2d at p. 881-882.)

20           In conclusion, the ACE Agreement is procedurally unconscionable.

21           **3.      The ACE Agreement Is Substantively Unconscionable**

22           Once the court determines that the agreement is procedurally unconscionable, it then must

23   determine whether "other factors are present which, under established legal rules-legislative or

24   judicial-operate to render it unenforceable." (*Armendariz,* supra, 24 Cal.4th at p. 113.)

25   Substantive unconsciability centers on the "terms of the agreement and whether those terms

26

27
_____

1    are so one-sided as to shock the conscience." (*Kinney,* supra, 70 Cal.App.4th at p. 1330.)

2          In *Ingle I,* the court determined that Circuit City's arbitration agreement was substantively

3    unconscionable because, *inter alia,* of provisions concerning the prohibition of class actions, the

4    filing fee, cost-splitting, remedies, and Circuit City's unilateral power to modify or terminate the

5    arbitration agreement. *Ingle I,* 328 F.3d at 1172-73.

6          In *Ingle I,* the court found the arbitration agreement to be objectionably one-sided even

7    though Circuit City argued that the agreement subjected Circuit City to the same terms that apply

8    to its employees, "[B]ecause the possibility that Circuit City would initiate an action against one

9    of its employees is so remote, the lucre of the arbitration agreement flows one way: the employee

10   relinquishes rights while the employer generally reaps the benefits of arbitrating its employment

11   disputes." (*Id.* p. 1174.)

12         The same situation exists here because although the ACE Agreement provides that ACE

13   must also utilize arbitration, there is very likelihood that it would do so, especially when it goes

14   on to state that the relationship remains "at will," which means that ACE can terminate an

15   employee at anytime without going through arbitration. *Carson Decl., Ex. I, pg. 2.*

16         In *Ingle I,* the court found that the agreement was "substantively unconscionable" because

17   it barred "class-wide" arbitration. (*Id.* p. 1175-76.)  The ACE Agreement also bars "class-wide"

18   arbitration. *Carson Decl., Ex. I, pg. 2.*

19         In *Ingle I,* Circuit City required an employee to pay a filing fee of $75.00 to Circuit City if

20   an employee wanted to submit an arbitration application.  The court found the fee provision to be

21   substantively unconscionable because when an employer imposes mandatory arbitration as a

22   condition of employment, the arbitration agreement or arbitration process cannot require the

23   employee to bear any *type* of expense that the employee would not be required to bear if he or

24   she were free to bring the action in court. (*Id.* p. 1177-78.)

25

26

27

1    The ACE agreement not only requires an employee to pay a filing fee of $100.00 to ACE

2   American Insurance Company if an employee wishes to submit an arbitration application, it

3   encourages employees to share in the cost of arbitration. *Carson Decl., Ex. I ["Ace Employment*

4   *Dispute Arbitration Fee Sharing Form"].*

5        In *Ingle I*, the court also found the agreement substantively unconscionable because it

6   gave Circuit City the unilateral right to alter or terminate the agreement. (*Id.* p. 1179.) Here, the

7   ACE Employee Guide provides under the heading, "What's In This Guide," that, "ACE reserves

8   the right to change any or all policies, programs and benefit plans in whole or in part at any time,

9   with or without notice to you." *Carson Decl., Ex. F, [Employee Dispute Arbitration Policy, pg.*

10  *1"].*  In addition, ACE's Employment Dispute Arbitration Rules And Procedures provides that,

11  "The arbitration process may be changed in writing by ACE." *Carson Decl., Ex. I, ¶ 28.*

12       Plaintiff submits that the provisions contained in the ACE Agreement are substantively

13  unconscionable.

14  **III.    CONCLUSION.**

15       For the reasons stated above, Plaintiff respectfully requests that this Court issue an Order

16  denying Defendants' motion to compel arbitration in its entirety.

17  Dated: January 4, 2008                    Respectfully submitted,

18                                            ROBOOSTOFF & KALKIN

19

20                          By: /S/_____

21                              Constantin V. Roboostoff
                                Attorneys for Plaintiff
22                              Maria Abrahim

23

24

25

26  _____
    Declaration of Maria Abrahim in Opposition to Motion to Compel Arbitration
27  Case No. C07 4014 JCS

28                                          8