Constantin V. Roboostoff [69328]
**ROBOOSTOFF & KALKIN**
369 Pine Street, Suite 610
San Francisco, California 94104
Telephone: (415) 732-0282
Facsimile:  (415) 732-0287

Attorneys for Plaintiff
Maria Abrahim

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maria Abrahim,<br><br>         Plaintiff,<br><br>v.<br><br>ESIS, Inc., Ace American<br>Insurance Company,<br><br>         Defendants. | Case No.  C 07-04014 JCS<br><br>**PLAINTIFF'S OBJECTION TO**<br>**THE DECLARATION OF DENISE CARSON**<br>**AND ATTACHED EXHIBITS**<br><br>Date:  February 1, 2008<br>Time:  9:30 a.m.<br>Judge: Judge Joseph C. Spero<br>Dept:  Courtroom A, 15th Floor |

   Plaintiff objects to the Declaration of Denise Carson proffered by defendants in support of their motion to compel arbitration as follows:

   (a)   Plaintiff objects to this Declaration and the exhibits attached thereto because defendants failed to comply with the Court's Case Management And Pretrial Order, dated November 9, 2007, where the parties were ordered to exchange initial disclosures by November 16, 2007.

   Defendants failed to exchange initial disclosures despite the Court' order and despite plaintiff's counsel's request to do so.

---

Objection to Declaration of Denise Carson in Support of Motion to Compel Arbitration
Case No.  C07-4014 JCS
1

1   Absent substantial justification for failure to make the required initial disclosure, a party

2   "is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a

3   motion any witness or information not so disclosed." [FRCP 37 (c)(1) (emphasis added).]

4   (b)   Ms. Carson does not attest that she has personal knowledge of the facts stated in

5   her declaration.

6   (c)   Plaintiff generally objects to this Declaration on the grounds that it is irrelevant;

7   contains inadmissible hearsay; contains inadmissible lay opinion; does not affirmatively show

8   that the declarant is competent to testify to the matters contained therein; contains conclusions of

9   fact or law, and not evidentiary facts.

10   (d)   Plaintiff specifically objects as follows:

11   (i)   Declarant's statement at ¶ 3, "All CIGNA employees, including Ms. Abrahim,

12   were subject to CIGNA's Employment Dispute Resolution Program, including its mandatory

13   arbitration component, following its inception in 1994, " is inadmissible hearsay and opinion.  It

14   is also irrelevant, as declarant's statement at ¶ 6 acknowledges that, "In February 2000, ACE

15   implemented its own arbitration policy, which was included within the ACE Employee Guide;"

16   (ii)   Declarant's statement at ¶ 4, "Attached hereto as Exhibit B is a true and correct

17   copy of the Employment Dispute Mediation/Arbitration Policy that applied to all CIGNA

18   employees,"  is inadmissible hearsay and opinion.  It is also irrelevant, as declarant's statement at

19   ¶ 6 acknowledges that, "In February 2000, ACE implemented its own arbitration policy, which

20   was included within the ACE Employee Guide;"

21   (iii)   Declarant's statement at ¶ 5, "This posting specified that the existing Speakeasy

22   and Arbitration/Mediation components of CIGNA's Employment Dispute Resolution Policy

23   remained in place during the transition to ACE, " is inadmissible hearsay and opinion.  In

24   addition declarant's statement interpreting the contents of Exhibit D is a misstatement of fact, as

25   Exhibit D does not direct management to "expressly inform their employees," but, rather, invites

---

Objection to Declaration of Denise Carson in Support of Motion to Compel Arbitration
Case No.  C07-4014 JCS

2

1  management to, ". . . feel free to forward this communication to all employees in your
2  organization and encourage them to rely on the ACE Intranet for the latest news and
3  information;"
4      (iv)    Declarant's statement at ¶ 6, "As Ms. Abrahim was working for ESIS, a wholly-
5  owned subsidiary of ACE, she was subject to the terms set forth in the ACE Employee Guide,
6  and received notice in the manner described below," is inadmissible hearsay and opinion;
7      (v)    Declarant's statement at ¶ 7, "The announcement referenced in my February 21,
8  2000 e-mail to management was, in fact, sent via e-mail to all ACE-INA employees (including
9  employees of ESIS) in February 2000, " is inadmissible hearsay and opinion;
10     (vi)    Declarant's statement at ¶ 8 is nothing but inadmissible hearsay and opinion;
11     (vii)    Declarant's statement at ¶ 9, "A true and correct copy of the Introduction page, as
12 it existed in 2000 when Ms. Abrahim was directed to read it, " is inadmissible hearsay and
13 opinion;
14     (viii)    Declarant's statement at ¶ 10, "It is not standard procedure for a manager to print
15 the Receipt and Agreement Form and give it to the employee to sign, rather the employee is
16 required to print the Receipt and Agreement Form and submit a signed copy to their manager, "
17 is inadmissible hearsay and opinion; and
18     (ix)    Declarant's statement at ¶ 11 is nothing but inadmissible hearsay and opinion;

Dated: January 4, 2008                                  **ROBOOSTOFF & KALKIN**

By: /s/
    Constantin V. Roboostoff
    Attorneys for Plaintiff

Objection to Declaration of Denise Carson in Support of Motion to Compel Arbitration
Case No. C07-4014 JCS

3