MARLENE S. MURACO, Bar No. 154240
mmuraco@littler.com
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
Telephone:    408.998.4150

Attorneys for Defendants
ESIS, INC., ACE AMERICAN INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIA ABRAHIM,<br><br>                    Plaintiff,<br><br>          v.<br><br>ESIS, INC., ACE AMERICAN INSURANCE COMPANY,,<br><br>                    Defendants. | Case No.  C07-4014 JCS<br><br>**DECLARATION OF MARLENE S. MURACO IN SUPPORT OF DEFENDANT ESIS, INC. AND ACE AMERICAN INSURANCE COMPANY'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**<br><br>Date:   February 1, 2008<br>Time:   9:30 a.m.<br>Judge:  Judge Joseph Spero<br>Dept:   Courtroom A, 15th Floor |

I, MARLENE MURACO, hereby declare and state as follows:

1.     I am an attorney licensed to practice law before the courts of the State of California. I am a shareholder at the law firm of Littler Mendelson, A Professional Corporation, and am counsel of record for Defendants ESIS, Inc. and Ace American Insurance Company (hereafter "Defendants") in the above-referenced matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could competently testify thereto.

2.     Plaintiff's counsel, Constantin Roboostoff, has asserted that the Declaration of Denise Carson filed by Defendants in support of their motion to compel arbitration should be

disregarded by the Court because Defendants failed to provide Plaintiff with their Rule 26 Initial Disclosures. As set forth below, my failure to provide Mr. Roboostoff with Defendants' initial disclosures was not intentional.

3.  I did receive an e-mail from Mr. Roboostoff on November 26, 2007 asking when he would be receiving Defendants' initial disclosures. I drafted a responsive e-mail to Mr. Roboostoff that night which apologized for the delay and attached Defendants' Initial Disclosures. Until earlier this week, I believed that I had successfully sent that e-mail (and the disclosures) to Mr. Roboostoff.

4.  When I read Plaintiffs' opposition to Defendants' motion to compel arbitration, I attempted to locate and resend the November 26 e-mail I had sent to Mr. Roboostoff. However, I could not find the e-mail in my "Sent" folder in Outlook. After searching, I did locate the e-mail in my "Drafts" folder. It thus appears that I did not, in fact, succeed in sending Mr. Roboostoff Defendants' initial disclosures on November 26. A true and correct copy of the e-mail I located in my "Drafts" folder is attached hereto as Exhibit A.

5.  I am not sure how this error occurred. However, upon discovering it, I sent an e-mail to Mr. Roboostoff explaining what had happened and attaching Defendants' initial disclosures. A copy of that e-mail, which does appear in my "Sent" items folder, is attached hereto as Exhibit B.

6.  I sincerely apologize to both the Court and Mr. Roboostoff for my error. I do not, however, believe that Plaintiff was in any way prejudiced by it. I did not produce any documents in connection with Defendants' initial disclosures – choosing instead to describe the categories of responsive documents that exist. Thus, Plaintiff was not deprived of any documents. Furthermore, counsel for Defendant ACE sent Mr. Roboostoff a copy of the ACE Employee Guide Receipt and Agreement signed by Plaintiff as well as a copy of the ACE Arbitration Policy prior to the date Plaintiff's lawsuit was filed.

7.  The only piece of relevant information Mr. Roboostoff would have gleaned from Defendants' initial disclosures was that Denise Carson had knowledge regarding the circumstances surrounding the implementation of ACE's and CIGNA's arbitration policies.

However, Mr. Roboostoff has not indicated how his having that information before Defendants filed their motion to compel arbitration could have influenced the outcome of Defendants' motion. In fact, the parties' original plan (as reflected in their Joint Case Management Conference Statement) was that initial disclosures would be exchanged on the *same day* that Defendants filed their motion to compel arbitration. At that point in time, Mr. Roboostoff obviously believed that he had no need for Defendants' initial disclosures prior to the filing of Defendants' petition to compel arbitration.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on January 11, 2008, at San Jose, California.

_____
MARLENE S. MURACO

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

(CASE NO. C07-4014 JCS)  3.  DEC OF MARLENE MURACO ISO REPLY TO PLTF'S OPP TO MOTION TO COMPEL ARB.

# EXHIBIT A

To The Declaration of Marlene S. Muraco In Support of Defendant ESIS, Inc. and ACE American Insurance Company's Reply to Plaintiff's Opposition to Motion to Compel Arbitration

**Muraco, Marlene S.**

---

**To:** Constantin Roboostoff
**Subject:** RE: Abrahim v. ESIS, et al
**Attachments:** Abrahim - Initial Disclosures.pdf

Hi Constantin,

I apologize for the delay. I was waiting for some information from my client and then got sidetracked by the holiday. Defendants' initial disclosures are attached.

Regards,

Marlene

---

**From:** Constantin Roboostoff [mailto:cvr1@earthlink.net]
**Sent:** Monday, November 26, 2007 2:54 PM
**To:** Muraco, Marlene S.
**Subject:** Abrahim v. ESIS, et al

Marlene,

When can I expect to receive defendants' initial disclosures? The Case Management And Pretrial Order states that the parties shall exchange initial disclosures by November 16, 2007.

Thanks,
Constantin

# EXHIBIT B

## To The Declaration of Marlene S. Muraco In Support of Defendant ESIS, Inc. and ACE American Insurance Company's Reply to Plaintiff's Opposition to Motion to Compel Arbitration

**Muraco, Marlene S.**

| | |
|---|---|
| **From:** | Muraco, Marlene S. |
| **Sent:** | Tuesday, January 08, 2008 9:49 AM |
| **To:** | Constantin Roboostoff |
| **Subject:** | RE: Abrahim v. ESIS, et al |
| **Attachments:** | Abrahim - Initial Disclosures.pdf |

Constantin,

I was in Tahoe last week without the ability to access the Internet on my computer and so just had an opportunity to read your opposition to Defendants' petition to compel arbitration. I believed I had e-mailed Defendants' Initial Disclosures to you the night of November 26th but when I went to re-forward the e-mail to you, there was no record of it in my Sent Items folder. After searching, I found this e-mail in my Drafts folder -- I am not sure how that happened but sincerely apologize for the error.

Regards,

Marlene

---

Hi Constantin,

I apologize for the delay. I was waiting for some information from my client and then got sidetracked by the holiday. Defendants' initial disclosures are attached.

Regards,

Marlene

---

**From:** Constantin Roboostoff [mailto:cvr1@earthlink.net]
**Sent:** Mon 11/26/2007 2:53 PM
**To:** Muraco, Marlene S.
**Subject:** Abrahim v. ESIS, et al

Marlene,

When can I expect to receive defendants' initial disclosures? The Case Management And Pretrial Order states that the parties shall exchange initial disclosures by November 16, 2007.

Thanks,
Constantin